been given by her, and the husband testifying that his understanding was that the employment was by himself alone and on his own credit, though for his wife's benefit.        *Judgment reversed.*
August 6, 1894.

*Certiorari.* Before Judge HARRIS. Carroll superior court. October term, 1893.

Holderness sued Mr. and Mrs. Shelton for the amount of a fee earned by him. Mrs. Shelton pleaded not indebted. Plaintiff obtained a verdict which was sustained on *certiorari.* He testified that Shelton asked him to go to court and represent a case in which he and his wife were defendants, saying that he was insolvent and did not want to make any defence, but his wife did. The case was a suit on a note. Plaintiff filed a plea of *non est factum* for Mrs. Shelton, and defeated any judgment against her. He never saw her until he went to court; she never employed him nor agreed to pay him. He consulted with her about the case, introduced her as a witness, and made out her defence by her testimony. Shelton did not tell him he was employing him for Mrs. Shelton, or that he was her agent, or that she authorized him to employ counsel; but plaintiff represented the case entirely on her credit, and relied on her for pay. The second head-note shows the other facts.

COBB & REESE, for plaintiff in error.

---

PERRYMAN, administrator, *v.* POPE.

1. It was not error to charge the jury in addition to section 2637 of the code, or as preliminary to giving that section in charge, that a threat on the part of the creditor (to whom the note in suit was made payable), or his attorney, to resort to law, would not amount to duress, the only threat disclosed by the evidence being one to levy on the debtor's property.
2. When an attachment case comes on for trial and there is a pending traverse of the ground of attachment, not previously disposed of for the term by continuance or otherwise, the whole case should be tried together; and it is error for the court to exclude legal

and competent evidence offered by the defendant to establish the truth of his traverse, the exclusion being rested on the theory that the ground of attachment was not open to traverse after the property attached had been replevied. As was ruled in *Brumby* v. *Rickoff*, this term (*ante*, 429), the right of traverse is not lost or affected by replevy.                          *Judgment reversed.*

August 6, 1894.

Attachment.   Before Judge HARRIS.   Coweta superior court.   October term, 1893.

REESE & GROW and REID & STEWART, for plaintiff in error.   ADAMSON & JACKSON, *contra*.

___

THE FARMERS CO-OPERATIVE MANUFACTURING COMPANY *et al. v.* THE MIDDLE GEORGIA MANUFACTURING AND IMPROVEMENT COMPANY.

1. The petition sets forth a cause of action.   A bond with security, given since the act of October 15th, 1885, to dissolve a garnishment, but conditioned to pay the judgment recovered in the action instead of pursuing the terms of the statutory condition, may be enforced by suit, subject however to any substantial defence, such as non-liability of the garnishee or exemption of the fund garnished, which would have prevented the fund from being adjudged subject, and hindered judgment from being entered up on the bond had it been given with the condition prescribed by the statute.
2. That a receiver is improperly sued with other defendants without leave of the court that appointed him, is no cause for sustaining a joint demurrer by all of the defendants.   The receiver, however, should be stricken from the action as a defendant where no leave to sue him could have been properly granted.

August 14, 1894.                          *Judgment affirmed.*

Action on bond.   Before Judge HUNT.   Spalding superior court.   January term, 1893.

October 25, 1890, suit was brought against the Farmers Co-operative Mfg. Co. for $3,637.94, and garnishment issued and was served, the garnishee having at the time $3,815.82 in money and a larger amount in notes belonging to said company and subject to the garnishment. To get possession of the same, the company, with five

v 94-43