23184. FARRAR LUMBER COMPANY *v.* CITIZENS BANK OF COLQUITT.

DECIDED JANUARY 24, 1934.

*W. V. Custer & Son,* for plaintiff in error.
*N. L. Stapleton,* contra.

JENKINS, P. J.   To a suit by the bank, payee of a draft, against the drawee, based upon a written acceptance of the same for $150, payable in 15 days, the defendant pleaded in effect that the consideration for the acceptance was the cutting and delivery to it by the drawer of an order for lumber; that the bank procured the acceptance by a threat to close down the drawer's mill (which was to cut the lumber for the defendant) unless the acceptance was given; that contrary to the assurance to it by the bank, the bank, which had entire charge of the drawer's mill, diverted the lumber cut to other purposes; that this constituted a failure to deliver the consideration for which the draft was accepted, and rendered the draft without consideration and uncollectible; and that the bank had notice and knowledge of all the alleged facts.   The evidence was in conflict as to whether the lumber for which the drawer drew the

draft had been delivered to the drawee prior to the acceptance, or was to be delivered thereafter. It failed, however, to indicate what quantity of lumber was never delivered, the president of the defendant testifying, although he said that none of the lumber was received, that "one load of lumber was delivered after acceptance of the draft." The evidence showed that the bank, although it threatened to foreclose its security and shut down the mill unless the draft was accepted, refrained from doing so after the acceptance; that it gave to the drawer the money or a credit for the proceeds represented by the draft; and that the bank, after the acceptance, did not control the operations of the drawer's mill. The president of the defendant swore that he did not think the bank obligated itself "one way or other" in regard to the order of lumber when the draft was accepted, and that if the bank had done anything about this order, the witness did not know it. It was further shown by documentary evidence that, two days after accepting the draft, the defendant took from the maker a bill of sale covering lumber and timber to secure payment of advances made by the defendant to the maker, which expressly included the draft in question, and described it as having been "accepted for payment" in the amount of $150. The court directed a verdict for the plaintiff, as to which and upon the general grounds the defendant excepts in its motion for a new trial, denied by the court.

The evidence for the defendant failed to support its plea of a want or failure of consideration in the draft sued upon, or that the plaintiff bank, as payee of the draft, was responsible for or participated in any such lack or failure of consideration, as alleged in the plea. The evidence further indicated that an independent consideration, other than that referred to in the plea, was furnished by the bank by paying or advancing to the drawer the proceeds of the draft in money, or a credit, upon the acceptance of the draft by the defendant, and, as a further consideration for such acceptance, in withholding a foreclosure of its security covering the mill equipment of the drawer. The contention of the defendant that its acceptance of the draft was conditioned upon certain lumber being thereafter delivered was negatived by the bill of sale to secure debt from the drawer of the draft to the defendant, expressly referring to the acceptance of the draft and to the amount thereof as part of the indebtedness for "advances" secured by the instru-

ment. There is no merit in the contention of the defendant that the threat of the plaintiff bank to foreclose its security on the drawer's mill equipment and to shut down his mill constituted duress in obtaining the defendant's acceptance of the draft. See *Perryman* v. *Pope,* 94 *Ga.* 672 (21 S. E. 715). The court properly directed a verdict for the plaintiff and overruled the defendant's motion for a new trial, based on such direction and on the general grounds.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*