LOUISVILLE & NASHVILLE RAILROAD CO. *et al. v.* GATTIS.

ATKINSON, Justice. 1. "The free assent of the parties being essential to a valid contract, duress, either of imprisonment or by threats, or other acts, by which the free will of the party is restrained and his consent induced, will render the contract voidable at the instance of the injured party." Code of 1910, § 4255; Code of 1933, § 20-503. The allegations as to the manner of arrest and imprisonment and the conduct of the agents and the circumstances under which the paper was obtained were sufficient to support the charge of duress and fraud, and to relieve the plaintiff from the consequences of signing the paper without having read or ascertained its contents. See *Hixon* v. *Georgia Southern & Florida Railway Co.*, 163 *Ga.* 734 (137 S. E. 260) ; *Harris* v. Louisville &c. R. Co., 35 Fed. 116.

2. "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." Code of 1910, § 4305, Code of 1933, § 20-906. It was alleged that in the circumstances of duress at the time the paper was signed petitioner did not know it was a release nor afterwards until so informed by defendants' agents. In paragraph 45 it was alleged: "Petitioner shows that when he was informed by said defendants that the paper which he had signed at their request was held by them as a release of all claims that he might have for damages growing out of the matters herein above set forth, and that it was their contention that he had accepted fifteen dollars as a consideration for signing said release, he informed said defendants, through his attorneys,

that he had never knowingly signed any release, and tendered to said defendants the said fifteen dollars which had been given him." The allegations of the petition do not show ratification of the paper, or grounds of estoppel, on account of delay in repudiating the paper and tendering the money that the plaintiff had received.

3. On the subject of tender it was further alleged in paragraph 47: "As hereinbefore alleged, said fifteen dollars was not accepted by petitioner in consideration for the signing of any release, and he makes a continuing tender of said sum to said defendants." Considering this with paragraph 45 of the petition, quoted above, the allegations as to tender were sufficient.

4. It was alleged in paragraph 31 that "petitioner is a man of limited education, . . and because of his limited education he would not have been able to read or understand the paper had he been instructed to do so." In the circumstances of this case the ability of the man to read and understand the paper would be a proper matter for consideration. Education is a relative term, and may be so limited as to amount to inability to read and understand a paper. The allegation was not subject to special demurrer on the ground that it was statement of a mere conclusion, or on the ground that it should have been more specific.

5. The foregoing deals with all the assignments of error that are insisted upon in the brief of the attorneys for the plaintiff in error.

*Judgment affirmed. All the Justices concur.*

No. 10264. FEBRUARY 19, 1935.

394 .

*McDaniel, Neely & Marshall,* for plaintiffs in error.
*Branch & Howard* and *E. L. Tiller,* contra.