BLECKLEY, administratrix, *v.* ROBERTSON.

No. 14114.   MAY 26, 1942.

38

*J. E. Frankum* and *Thad L. Bynum,* for plaintiff in error.
*Holden & Smith,* contra.

GRICE, Justice. This is a claim case. Such title as the defendant in fi. fa. had originated in Bleckley, the claimant. The deed which Bleckley made him was canceled by a decree of the court, but the suit in which the decree of cancellation was entered was not filed until after the defendant in fi. fa. had conveyed the property to Robertson as security. So long as the legal title was in Robinson he could convey the same to an innocent purchaser, who would be secure as against any claim of Bleckley, although Bleckley's deed to Robinson was canceled in a suit filed later. Bleckley's deed to Robinson having been canceled, it left no title in Robinson; but the cancellation could not affect the intervening rights of an innocent purchaser from Robinson. To all the rest of the world the decree effaced whatever semblance of title went into Robinson. In order to prevail, Robertson must have been an innocent purchaser in the transaction with Robinson. Compare *Chisolm* v. *Chittenden,* 45 *Ga.* 213 (7), 214; *Dinkler* v. *Potts,* 90 *Ga.* 103 (15 S. E. 690); *Mashburn* v. *Dannenberg Co.,* 117 *Ga.* 567 (5) (44 S. E. 97); *Harris* v. *Evans,* 134 *Ga.* 161 (3) (67 S. E. 880); *Long* v. *Gilbert,* 133 *Ga.* 691 (66 S. E. 894); *Mize* v.

*Bank of Whigham*, 138 *Ga.* 499, 503 (75 S. E. 629). The judge directed a verdict in favor of the plaintiff in fi. fa. If the evidence disclosed that Robertson was not an innocent purchaser, or if the proofs were such that the jury might have so found, the exception to the refusal to grant a new trial must be sustained. Robertson's conveyance from Robinson was a security deed. The testimony of Mitchell is set forth above. The proof was sufficient to justify the jury in finding that the sole consideration for the deed was a settlement of a criminal prosecution. Such a settlement is both illegal and immoral, and contrary to public policy. *Jones* v. *Dannenberg Co.*, 112 *Ga.* 426, 428 (37 S. E.' 729, 52 L. R. A. 271). A settlement of that kind comprising the consideration flowing from the grantee to the grantor prevents the former from being a purchaser in good faith. To be a purchaser at all, one must part with a consideration which the law recognizes. One which the law does not tolerate will not suffice. In *Deen* v. *Williams*, 128 *Ga.* 265 (57 S. E. 427), it was ruled, that a contract to suppress a criminal prosecution, for a consideration personal to the prosecutor, is immoral and contrary to public policy; that where a deed to land is executed to the prosecutor for the purpose only of suppressing a criminal prosecution, the prosecutor, being himself at fault, can not, on the strength of such a deed alone, invoke the aid of an equitable estoppel against another, not a party to the deed, and in whom the legal title was vested at the time of the execution of the deed, in order to prevent such true owner from asserting his title. In the opinion it was said: "The defendant being a party to the agreement to suppress the criminal prosecution, which, for the reasons already indicated, is immoral and contrary to public policy, it can not be said that he came into court with clean hands." *Continental Fertilizer Co.* v. *Madden*, 140 *Ga.* 39 (78 S. E. 460), was a money-rule case. One of the claimants was a mortgagee whose mortgage was given in settlement of a criminal prosecution. The judge on that ground did not allow him to participate in the distribution of the fund. This court affirmed the judgment for the same reason. If it be sought to distinguish that case from this one, because in a rule to distribute money the court is a court of equity, or at least acts on equitable principles (*Coleman* v. *Slade*, 75 *Ga.* 61 (15), 63; *Cofer* v. *Benson*, 92 *Ga.* 793, 795 (19 S. E. 56), the reply is that there is no difference in this respect between a money-

rule case and a claim case. *Myers* v. *Warrenfells,* 153 *Ga.* 648, 653-654 (113 S. E. 180). In addition it may be observed that the claimant in the instant case filed an equitable amendment setting out the specific contentions here dealt with, with an appropriate prayer in connection therewith. It is by no means certain, however, that the claimant in order to make this attack needed anything more than his claim affidavit. Compare *Wright* v. *McCord,* 113 *Ga.* 881 (39 S. E. 510); *Askew* v. *Amos,* 147 *Ga.* 613 (95 S. E. 5); *Harris* v. *Anderson,* 149 *Ga.* 168 (99 S. E. 530); *Simmons* v. *Realty Investment Co.,* 160 *Ga.* 99 (127 S. E. 279).

Neither the rule which forbids a claimant from going beyond the judgment for the purpose of showing that it ought not to have been rendered (*Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618, 620, 48 S. E. 228), nor the doctrine that equity will not ordinarily grant relief where the contract has been executed (*Ruis* v. *Branch,* 138 *Ga.* 150, 74 S. E. 1081), is applicable here. The instant case presents a contest between a claimant who exhibits a title which should prevail, unless his adversary can claim the advantageous position of an innocent purchaser. The claimant had the right to show that such a position was untenable because the consideration by which his deed was obtained was such as the law condemns as illegal, immoral, and contrary to public policy. In such a situation it has often been ruled that courts may interfere even where the contracting parties themselves are in pari delicto. See the text and the cases cited in the notes in 3 Pomeroy's Equity Jurisprudence (5th ed.), § 941.

The distinguished successor to the able trial judge who directed the verdict should have granted a new trial.

*Judgment reversed. All the Justices concur.*