20545. CAUSEY *v.* MATSON *et al.*

Argued July 13, 1959—Decided September 11, 1959.

*Clarence H. Clay, Jr., Harry F. Thompson,* for plaintiff in error. *Harris, Russell, Weaver & Watkins,* contra.

HEAD, Justice. The defendant made no question by demurrer as to the sufficiency of the allegations of the petition to show that the purchase price was adequate, and the option to purchase fair, just, and equitable. See *Ogletree* v. *Ingram & LeGrand Lumber Co.,* 207 *Ga.* 333 (2) (61 S. E. 2d 480); *Wehunt* v. *Pritchett,* 208 *Ga.* 441, 444 (67 S. E. 2d 233); *Almand* v. *Williams,* 208 *Ga.* 703 (69 S. E. 2d 271); *Alexander* v. *American Legion Post No. 28 of*

*Chamblee,* 209 *Ga.* 285 (2) (71 S. E. 2d 627) ; *Sikes* v. *Sims,* 212 *Ga.* 391 (7) (93 S. E. 2d 6).

The answer of the defendant alleges that he was "induced to enter into a contract detrimental to his own interest," and "has been forced to rent his property at a price for less than the fair rental value of the same," but it is not alleged in the answer that the price of $25,000 was inadequate, and that the option to purchase was unfair because of inadequacy of consideration. *Bailey* v. *Bell,* 208 *Ga.* 715 (2) (69 S. E. 2d 272). From the trial judge's order it appears that the defendant stipulated that he had no defense to the action for specific performance other than his allegations of fraud and duress:

"The free assent of the parties being essential to a valid contract, duress, either of imprisonment or by threats, or other acts, by which the free will of the party is restrained and his consent induced, will render the contract voidable at the instance of the injured party. Legal imprisonment, if not used for illegal purposes, is not duress." Code § 20-503. "Duress consists in any illegal imprisonment, or legal imprisonment used for an illegal purpose, or threats of bodily or other harm, or other means amounting to coercion or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will." Code § 96-209.

The provisions of our Code in regard to duress "essentially modify the strictly defined doctrine of duress at common law." *Whitt* v. *Blount,* 124 *Ga.* 671, 673 (53 S. E. 205). However, the broad language in Code § 96-309, "or other means amounting to coercion or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will," is to be construed in a restricted sense. *Mallory* v. *Royston Bank,* 135 *Ga.* 702, 705 (70 S. E. 586).

The defendant in his answer asserts that his subtenant, R. G. Matson, Sr., conspired with Trice to sell products other than those distributed by Trice, so that Trice could threaten the defendant with a forfeiture of the land conveyed by Trice to the defendant, and force the defendant to sign the contract executed in 1951. It is not asserted that there was any fraud or duress in any of the other contracts between Trice and the defendant,

including the 1940 deed to the defendant, which provided for such a forfeiture in the event any products other than those distributed by Trice were sold at the filling station during a period of 13 years.

If there was a written lease or contract between the defendant and R. G. Matson, Sr., subleasing the station to him, there is no copy of the lease attached to the answer. It would seem that the defendant, knowing that his ownership of valuable property was contingent on the continued sale of the products distributed by Trice, would have protected himself in his contract with Matson against the loss of his property by the acts of his subtenant. If the defendant negligently failed to require his subtenant to observe the covenants of the defendant's lease contract, and his subtenant brought about a forfeiture of the defendant's title, then it was within the legal right of Trice to declare a forfeiture of the title. It is a general rule that an act must be wrongful to constitute duress, and it is not duress to threaten to do what one has a legal right to do. 17 C. J. S. 532, § 172; 17A Am. Jur. 580, § 18. The threat to bring a civil proceeding against a person is not duress in a legal sense. *Perryman* v. *Pope*, 94 *Ga.* 672 (21 S. E. 715); *Bond* v. *Kidd*, 122 *Ga.* 812 (50 S. E. 934); *Hinkle* v. *Hinkle*, 148 *Ga.* 250 (2) (96 S. E. 340); *King* v. *Lewis*, 188 *Ga.* 594, 598 (4 S. E. 2d 464).

The deed executed in 1940 from Trice to the defendant recited a consideration of $4,732.53. The defendant asserts that Matson and Trice conspired together to have Matson cause a forfeiture of the terms of this deed, that Trice did not thereupon repossess the property, but required the defendant, by the threat of the forfeiture of his property, to sign a contract providing a purchase price of $25,000 for a part of the property. There is certainly no indication of fraud against the defendant on the face of the contracts attached to the petition and answer.

The allegations of the defendant's answer were insufficient to state a defense to the action for specific performance of the option to purchase, and the trial judge did not err in sustaining the demurrers thereto.

*Judgment affirmed. All the Justices concur.*