50349. LEONARD v. DONALD.

BELL, Chief Judge.
This is a dispossessory warrant proceeding instituted in the Fulton Civil Court in which plaintiff sought possession and $55.50 rent due. Defendant filed an answer denying only that demand had not been made for possession of the premises, deposited $55.50 into the court's registry, and counterclaimed for $3,500 damages. On motion of plaintiff, defendant's answer and counterclaim were stricken; a writ of possession and a money judgment for $66.50 was granted plaintiff. *Held:*
1. Plaintiff has moved to dismiss the appeal on the ground that this court lacks appellate jurisdiction as only possession of real property is involved plus an amount less than $300 and therefore defendant must first appeal to the Appellate Division of the Civil Court of Fulton County. The motion is denied. Defendant's counterclaim is for more than $300 and a direct appeal to this court may be taken. Ga. L. 1933, pp. 290, 296; *Russell v. O'Donnell,* 132 Ga. App. 294 (208 SE2d 107).
2. The trial court's order granting the plaintiff's motion recited that defendant had vacated the premises; ordered plaintiff into possession; struck the answer and counterclaim and granted plaintiff a judgment for $66.50, which amount consisted of rent due for September 1974 in the amount of $50.50 plus $16 for a portion of the October rent past due. The court further ordered the clerk of the trial court to pay plaintiff the $50.50 paid into the registry on September 25, 1974 by defendant.
The fact that defendant has vacated the premises moots the issue of right of possession raised originally in the affidavit for the warrant. Further, no issue was raised as to the amount of rent allegedly due as defendant did not

deny this in his answer. However, the trial court erred in striking the defendant's counterclaim. A defendant in a dispossessory proceeding has an unqualified right to answer˙and counterclaim. *Mountain Hardwoods & Pine, Inc. v. Coosa River Sawmill Co.,* 233 Ga. 414 (211 SE2d 712). Accordingly, the judgment of the trial court granting the plaintiff a writ of possession and the judgment for the rent is affirmed but the judgment striking the counterclaim is reversed.

*Judgment affirmed in part and reversed in part. Webb and Marshall, JJ., concur.*

ARGUED MARCH 3, 1975 — DECIDED APRIL 7, 1975.

*Carolyn S. Weeks,* for appellant.
*Shoob, McLain, Jessee, Merritt & Lyle, James B. Ritchie,* for appellee.