## 51325. MASSEY v. GOVERNMENT EMPLOYEES COMPANY.

EVANS, Judge.

Alvin H. Massey of an Alaska address, purchased an automobile and financed it through a loan from Government Employees Company. The automobile was repossessed because of default in the instalment payments.

Government Employees Company sued Massey for $466.03, in the Hall County State Court, contending the

contract was in default.

Defendant answered and denied jurisdiction and the indebtedness. He also counterclaimed, contending the repossessing of his automobile was without due process of law, that he had been deprived of the use of the automobile and was required to employ an attorney to defend this complaint. He sought reasonable rental value of his car, return of his automobile, attorney fees, and judgment for $10,000.

Plaintiff answered and denied the counterclaim and moved to strike the same. Plaintiff contended the repossession, notice and sale of the automobile were all conducted according to law and the terms of the contract; and that the claims of the defendant were not meritorious and should be stricken from the pleadings.

At the pre-trial hearing, this motion was heard and sustained. Defendant appeals. *Held:*

1.  While Code Ann. § 81A-112 (f), authorizing the striking of *any pleading which is insufficient, redundant, immaterial, impertinent or scandalous matter,* this counterclaim is neither redundant, immaterial, impertinent or scandalous. It remains for determination by a jury as to whether it is meritorious.

2.  Under our "notice pleadings," the plaintiff has been put on notice of the claims of defendant. See *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Hunter v. A-1 Bonding Service, Inc.,* 118 Ga. App. 498, 499 (164 SE2d 246); *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695). As to whether attorney fees are properly included in the counterclaim is not here considered.

3.  A counterclaim stands on the same footing as an original claim. *Grant v. Fourth Nat. Bank of Columbus,* 229 Ga. 855 (1) (194 SE2d 913).

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 30, 1975 — DECIDED
OCTOBER 29, 1975.

*William I. Sykes, Jr.,* for appellant.
*Jerry W. Benefield,* for appellee.