## 51368. HAZEN v. RICH'S, INC.

CLARK, Judge.

Among the defenses to a suit brought by a customer against Rich's Department Store for an allegedly wrongful detention and arrest was a special plea that plaintiff had "while represented by counsel, executed a general release in favor of defendant in consideration of One Dollar ($1.00) and other good and valuable consideration" by reason of which the claim was barred. After completion of discovery procedures, defendant moved for and obtained a summary judgment on the basis of this release. Upon this appeal by the plaintiff, our review results in a reversal because of the existence of genuine questions of material fact as to the validity of this release.

While returning an item purchased at defendant's department store, plaintiff was accused of stealing a coat in his possession. He was detained despite his protestations that he had purchased the coat from Rich's two weeks earlier and had overlooked removing a "half tag." Following the brouhaha in the store an off-duty policeman employed as a security guard for Rich's swore out criminal accusations against plaintiff charging him with simple assault, creating a turmoil, and using profane and abusive language in a public place. A few days after plaintiff's arrest and release on bail, an attorney then representing plaintiff reached an agreement with store counsel which resulted in the dismissal of the pending criminal charges and the execution by plaintiff of a general release of all claims which plaintiff might have against Rich's or its agents. Plaintiff subsequently brought this suit against Rich's, pleading his version of the tort action. He further alleged the release was "signed as a result of coercion and duress and without consideration." *Held:*

1. "On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the

defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment whether he or his opponent would at trial have the burden on the issue concerned." *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420, 422 (170 SE2d 737). Accordingly, the burden is upon defendant to show that there exists no question of fact as to the validity of the executed release. (We limit our consideration to the release, the litigants having recognized the facts are in dispute as to the incident on which the complaint is based.)

2. During the discovery cross examination of plaintiff as an adverse party he testified that Rich's attorney (not counsel in this case) threatened to have him put back in jail if he did not sign the release and that his fear of incarceration was the motivation for his consent to the release. Plaintiff also testified that defendant's counsel promised that the criminal charges, which plaintiff contended were without foundation, would be dismissed if he signed the release form. Were plaintiff's allegations sufficient to form a proper factual basis for a finding of duress?

"The free assent of the parties being essential to a valid contract, duress, either of imprisonment or by threats, or other acts, by which the free will of the party is restrained and his consent induced, will render the contract voidable at the instance of the injured party. Legal imprisonment, if not used for illegal purposes, is not duress." Code Ann. § 20-503. "Duress consists in any illegal imprisonment, or legal imprisonment used for an illegal purpose, or threats of bodily or other harm, or other means amounting to coercion or tending to coerce the will of another, and actually inducing him to do an act contrary to his free will." *King v. Lewis,* 188 Ga. 594, 597 (4 SE2d 464); *Causey v. Matson,* 215 Ga. 306, 310 (110 SE2d 356); *Williams v. Rentz Bkg. Co.,* 112 Ga. App. 384 (145 SE2d 256). Thus, plaintiff could prove duress by showing that his signing of the release form was contrary to his free will and was induced by (1) an illegal

imprisonment, (2) a legal imprisonment effectuated by defendant for an illegal purpose,[1] or (3) wrongful threats by agents of the defendant. An examination of the record reveals facts sufficient to take each of these three conditions beyond the summary judgment stage. Defendant's assertion of the lawfulness of the arrest and its denial of wrongful threats do not rebut plaintiff's claim, but merely create factual issues.

Defendant additionally contends that plaintiff necessarily acted voluntarily, since he had his counsel present at the time of the signing of the release. In his cross-examination deposition and in answers to the defendant's interrogatories, however, plaintiff asserts that the attorney, although present, was neither acting in his behalf nor in a representative capacity. A question of fact thus was created as to whether the attorney's actions were such as to render plaintiff's consent to the release a voluntary act. In any event, we know of no authority for the proposition that duress cannot exist where the actor is aided by counsel. To the contrary, "the question of mental capacity to contract is a question of fact to be determined by a jury. [Cit.]" *Ehlers v. Golding,* 227 Ga. 742, 744 (182 SE2d 870).

We conclude that defendant has failed on the record thus far to rebut plaintiff's claim of duress. Accordingly, the grant of summary judgment was error. See *Wheat v. Montgomery,* 130 Ga. App. 202 (202 SE2d 664).

3. As an additional ground for avoiding the release, plaintiff contends the agreement lacks a valid consideration. Although the release form recites "in consideration of $1.00 and other good and valuable consideration, receipt of which is hereby acknowledged," plaintiff alleges that the actual consideration for the release was the dismissal of the criminal charges. This contention is sufficiently admitted by defendant's original counsel in his affidavit: "I offered to convey to Mr.

---

[1] As noted in Division 3, the use of imprisonment solely to secure a release or other contract right is contrary to public policy and constitutes an illegal purpose.

Harris [Rich's security guard] the fact that Rich's, Inc. would not object to a withdrawal and dismissal of these criminal charges provided that Mr. Hazen would release Rich's, Inc., and Mr. Harris from any liability arising out of this incident. Following this conversation, Rich's, Inc., was instrumental in encouraging Mr. Harris to withdraw these charges and agreed to a dismissal provided that the appropriate release was executed by Mr. Hazen." (R. 131).

"A contract to suppress a criminal prosecution, for a consideration personal to the prosecutor, is immoral and contrary to public policy." *Deen v. Williams,* 128 Ga. 265 (3) (57 SE 427). "Since an agreement not to prosecute for crime, or to suppress a criminal prosecution, is forbidden by law, irrespective of the motive of the parties [cit.], a note given for no other purpose than to suppress a criminal prosecution is void for the want of consideration, whether the accused person be innocent or guilty. [Cits.]" *McConnell v. Cherokee Nat. Bank,* 18 Ga. App. 52 (88 SE 824). "It must, therefore, be concluded that an agreement to suppress or discontinue a prosecution for a criminal offense, be it a felony or misdemeanor . . . is both an illegal and an immoral act; and, if such an act be the only consideration for an obligation . . . not only is such consideration illegal, but it is also immoral." *Jones v. Dannenberg Co.,* 112 Ga. 426, 431 (37 SE 729).

It is clear from the above authorities that the release is invalid if its sole consideration was the dismissal of the criminal charges brought against the plaintiff by defendant. The question as to whether the release was given to settle a criminal prosecution, or upon other valid consideration, presents an issue of fact to be determined by a jury. *McConnell v. Cherokee Nat. Bank,* 18 Ga. App. 52 (2), supra; *Bleckley v. Robertson,* 194 Ga. 36 (20 SE2d 610).

4. Since the validity of the release depends upon the resolution of factual questions concerning plaintiff's alleged duress and the legality of consideration to support the agreement, the trial court's grant of summary judgment was error.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED JANUARY 14, 1976.

*Shulman & Shulman, Robert E. Sigal,* for appellant.
*Carter, Ansley, Smith & McLendon, Ben Kingree, A. Terry Sorrells,* for appellee.