## 55401. KELLEY v. GENERAL MOTORS ACCEPTANCE CORPORATION.

SHULMAN, Judge.

Plaintiff-appellee General Motors Acceptance Corporation (hereinafter "GMAC") sought a deficiency judgment against defendant-appellant Kelley following the repossession and sale of secured collateral. Appellant counterclaimed. This appeal is from an order granting appellee-GMAC's motion for summary judgment as to Counts 1 and 2 of appellant's counterclaim.

1. In Count 1, appellant alleged that at the time of repossession the automobile was "worth more than any amount which Defendant may have owed to Plaintiff." Appellant sought the "value of the said automobile at the time it was taken from Defendant's possession, reduced by any amount which Defendant may have owed to Plaintiff."

Appellee, citing *Fulton Nat. Bank v. Horn,* 239 Ga. 648 (238 SE2d 358), asserts that no wrongful repossession occurred under the terms of the conditional sales contract involved herein. Appellant asserts that the contract did not authorize the manner of repossession.

Unfortunately, the contract in evidence is illegible. It cannot be considered as a basis for the grant of appellee's motion for summary judgment.

2. Appellee argues that summary judgment was proper, regardless of the terms of the contract, because a release signed by the defendant after repossession but before the sale of the vehicle precludes defendant's counterclaim for wrongful repossession without notice.

This release provided in pertinent part that ". . . in consideration of the sum of One Dollar ($1.00) and other

valuable considerations, the receipt of which [is] hereby [acknowledged, signee releases GMAC, its] officers, agents and employees, from any and all claims, demands, and rights of action in contract or tort which I/or We have ever had or now have against the said GMAC (Client) . . . [its] officers or agents, arising out of the repossession of said automobile in accord with the terms of our contract."

Appellant admits signing the release, but by affidavit, avers he never received the $1 and also raises the issue of duress.

A. Pretermitting the question of whether consideration is required, the release is not invalid on the ground that appellant never in fact received the recited consideration. *Smith v. Wheeler,* 233 Ga. 166 (210 SE2d 702).

B. Appellant's affidavit recites that he signed the release because "that was the only way I could get my equipment and radio back from the people who repossessed my car." The affiant further averred that "[n]either GMAC nor the people who repossessed my car had any interest in my radio and . . . equipment." A counter-affidavit by an affiant present at the time the release was executed recites that appellant voluntarily and of his own free will executed the release. These affidavits create factual issues which, without the benefit of the contract repossession clause, preclude the grant of summary judgment as to appellant's counterclaim for wrongful repossession.

The seizure of appellant's property, combined with the alleged refusal to return the property without the execution of the release sufficiently raised an issue as to duress. *Crawford v. Cato,* 22 Ga. 594. The recital of the consideration (which appellant by affidavit denies receiving) will not defeat appellant's claim. See *Louisville & N. R. Co. v. Gattis,* 180 Ga. 389 (178 SE 740); and *Hazen v. Rich's, Inc.,* 137 Ga. App. 258 (223 SE2d 290).

The burden is upon the movant (appellee herein) for summary judgment to show that there exists no question of fact as to the validity of the executed release. Appellee did not carry that burden, and, accordingly, it was error to grant appellee summary judgment as to appellant's counterclaim. *Hazen v. Rich's, Inc.,* supra. See also *Massey*

*v. Government Emp. Co.,* 136 Ga. App. 377 (221 SE2d 238).

C. The release in this case, if enforceable and binding, would prevent appellant from asserting that appellee was estopped by its conduct from engaging in self-help repossession until notice had been given, payment demanded or notice of default communicated. See *Pierce v. Leasing International,* 142 Ga. App. 371 (2) (235 SE2d 752) (no release involved) adhered to, 144 Ga. App. 312.

We note that even if the release were enforceable and binding as a matter of law, the release would not be effective to waive appellant's right to assert appellee's noncompliance with statutory requirements. *Barnett v. Trussell Ford, Inc.,* 129 Ga. App. 176 (198 SE2d 903); Code Ann. §§ 96-1001 et seq., 96-1009.

Moreover, the release by its terms surrendered any cause of action arising out of repossession "in accord with the terms of [the] contract." Therefore, the release conferred no greater repossession rights than the contract itself. The release would not be effective to surrender rights arising out of a repossession not in accord with the terms of the contract.

3. The record conclusively shows that no breach of the peace occurred in the taking of the automobile from a public highway in front of appellant's house. Summary judgment as to this issue was proper. *Pierce v. Leasing International,* supra.

4. The counterclaim in the instant case is founded in tort. See, e.g., *Thurmond v. Elliott Finance Co.,* 141 Ga. App. 574 (234 SE2d 153). It does not, as appellant contends, raise the issue of commercial reasonableness of the sale. Commercial reasonableness of the sale must be established in GMAC's case in chief. See, e.g., *Granite Equip. Leasing Corp. v. Marine Dev. Corp.,* 139 Ga. App. 778 (230 SE2d 43).

5. Appellant's brief is absolutely silent as to the trial court's dismissal of Count 2 of his counterclaim. Accordingly, any challenge as to that judgment is deemed abandoned.

6. For the reasons stated in Division 2B, the summary judgment as to Count 1 must be reversed.

*Judgment reversed in part; affirmed in part. Bell,*

*C.J., and Birdsong, J., concur.*

SUBMITTED FEBRUARY 27, 1978 — DECIDED APRIL 25, 1978.

*John S. Graettinger, Jr., Melvin K. Westmoreland,* for appellant.
*John G. McCullough, A. Mims Wilkinson, Jr.,* for appellee.