### 62163. STROUP v. ROBBIE JON DEVELOPMENT CORPORATION.

CARLEY, Judge.
Appellant-tenant appeals from the grant of summary judgment to the appellee-landlord in this action to recover for past due rent. The relevant facts are as follows: On or about August 15, 1979, appellant entered into occupancy of the premises pursuant to a lease agreement. Sometime later that fall appellee instituted dispossessory proceedings against appellant. On December 26, 1979, appellant met with appellee's agent who advised "that a Judgment of Eviction, when final, would result in the Sheriff's Office removing him, his family and his possessions from the premises, if [appellant] did not voluntarily vacate the premises and voluntarily remove his possessions therefrom." On December 27, 1979, a default judgment in the dispossessory proceeding was entered in favor of appellee and against appellant. The order directed the clerk "to issue a Writ of Possession to the Sheriff directing him to put [appellee] in possession of the aforesaid premises after 24 hours notice has been conspicuously posted on said premises." On the next day appellee

and appellant entered into a new agreement evidenced by appellant's handwritten letter to appellee's agent. This letter stated in relevant part: "Enclosed you will find four (4) checks, totaling $890.00 as agreed upon by our conversation of 12/28. This amount will cover rent from Nov. 15th to and including Jan. 15th. I will guarantee sufficient funds on dates specified to cover checks. The apartment will also be vacated on or before Jan. 15, 1980. Thank you for your understanding. [Signed, appellant]." Appellant remained in possession of the premises until January 15, 1980. The four checks sent to appellee pursuant to their agreement of December 28, 1979, were returned for insufficient funds.

The instant action was commenced by appellee to recover the principal amount of $890 alleged to be owing to it under the December 28, 1979, agreement with appellant. Appellant answered, denying the material allegations of the complaint and raising other defenses, including coercion and failure of consideration. After discovery, the trial court granted summary judgment in favor of appellee in the principal amount demanded in the complaint. On appeal, appellant essentially urges that genuine issues of material fact remain with regard to his defenses to appellee's claim for past due rent.

Appellant's assertion that the "threats" of appellee's agent on December 26, 1979, "coerced" him into entering into the agreement of December 28, 1979, is meritless. "An act must be wrongful to constitute duress, and it is not duress to threaten to do what one has a legal right to do." *Cannon v. Kitchens,* 240 Ga. 239, 240 (240 SE2d 78) (1977). See also *Farrar Lumber Co. v. Citizens Bank,* 48 Ga. App. 319 (172 SE 724) (1933). As to appellant's remaining "defenses," the record affirmatively demonstrates that they are defenses which appellant may have had to an action for past due rent owing under the lease which was terminated by the default judgment entered on December 27, 1979. These are defenses which could and should have been asserted in the prior dispossessory proceedings but which have no bearing on appellee's claim in the instant case for rent owing under the agreement of December 28, 1979. "A defendant in a dispossessory proceeding has an unqualified right to answer and counterclaim. [Cit.]" *Leonard v. Donald,* 134 Ga. App. 482, 483 (214 SE2d 731) (1975). Appellee is suing on and has presented a prima facie case of recovery for rent accruing pursuant to the agreement of December 28, 1979. The evidence of record pierced appellant's defensive pleadings and appellant failed to demonstrate that any issue of fact remains with regard to those defenses. It was not error to grant appellee summary judgment for any reasons urged on appeal.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*Monroe Ferguson,* for appellant.
*Carmen V. Porreca,* for appellee.