## A00A0701. SUWANNEE SWIFTY STORES, INC. v. NATIONSBANK, N.A.
### (536 SE2d 299)

Barnes, Judge.

A committee of unsecured creditors sued NationsBank, N.A., in Fulton Superior Court on behalf of Suwannee Swifty Stores, Inc., a convenience store chain that had filed for bankruptcy. The committee alleged that the bank abruptly ended its long-time practice of providing "daylight overdraft protection" in which it covered certain checks for a short time and that this abrupt change led to a cascading series of financial events that caused the company's demise. The committee's causes of action included breach of contract, breach of duty of good faith, and duress, among other things.

NationsBank removed the case to bankruptcy court and then moved for summary judgment. The bankruptcy court denied the motion, abstained from hearing the case, and remanded it to Fulton Superior Court for resolution. NationsBank again moved for summary judgment based on the waiver and release in an October 1996 contract, in which Suwannee Swifty released any claims against the bank in exchange for the bank's agreement to forbear exercising its security rights against certain collateral. NationsBank also moved for summary judgment on a newly raised cause of action alleging that the contract constituted an impermissible preference under the Bankruptcy Code. The superior court granted summary judgment to NationsBank on both motions.

The committee argues on appeal that the trial court erred in granting summary judgment. For the reasons that follow, we affirm.

The October 1996 forbearance agreement acknowledged two promissory notes totaling approximately $6,450,000, on which Suwannee Swifty had defaulted. These notes were secured by certain collateral, and the bank agreed not to exercise its remedies against that collateral until January 28, 1997. In exchange for this forbearance, Suwannee Swifty waived any claims it had against the bank as follows: "Borrower releases and discharges Lender from any and all claims and causes of action, whether known or unknown and

whether now existing or hereafter arising, which arise out of events which occurred prior to the date hereof."

In its order granting summary judgment on this ground, the trial court concluded that "even if factual issues remain about Nationsbank's alleged culpability in the alleged check kiting scheme" that the committee raised, the release resolved the case in the bank's favor.

[C]onstruing the evidence in a light favorable to the Plaintiff, Nationsbank offered the Plaintiff an arrangement to save itself. The Plaintiff accepted; and, under the arrangement, the Plaintiff and Nationsbank entered into loan agreements. Subsequently, on October 18, 1996, the Plaintiff and Nationsbank entered into a Forbearance Agreement regarding the outstanding loans, which contained a release of any and all claims against Nationsbank existing at that time. The claims in the Complaint existed at the time the Plaintiff signed the Forbearance Agreement containing the release. The release evidences that the Plaintiff chose to work out its financial problems rather than litigate potential claims against Nationsbank or reserve an opportunity to do so at a later time.

1. On appeal from the grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802-803 (500 SE2d 591) (1998).

2. The committee first argues that the trial court erred by failing to discuss the earlier bankruptcy court order denying summary judgment. In *El Chico Restaurants v. Transp. Ins. Co.*, 235 Ga. App. 427, 428-430 (2) (509 SE2d 681) (1998), we held that a trial court erred in dismissing a complaint based on the plaintiffs' failure to obtain leave to add parties. A federal district court had previously granted permission to add parties before the case was transferred to state court, and the state court neither reconsidered nor acknowledged the district court's order.

However, while the bankruptcy court denied summary judgment to NationsBank, within the same order it then abstained from hearing the case and remanded it to the state court for resolution, recognizing that the issues involved matters of state law, not federal law.

We have recognized that "the second judge must conscientiously carry out his judicial function in any case in which he is presiding and he would not fulfill his sworn duty if he found a prior ruling to be erroneous and permitted it to control the case." *Bradley v. Tattnall*

*Bank*, 170 Ga. App. 821, 824 (1) (318 SE2d 657) (1984) (physical precedent only). Therefore the trial court did not err in ruling on NationsBank's motion for summary judgment.

3. The committee's second argument is that the trial court erred in granting summary judgment to the bank because a May 1997 bankruptcy court consent order superseded the October 1996 waiver and forbearance agreement. The May 1997 order, in addition to authorizing Suwannee Swifty's continued use of cash collateral under certain conditions, gave the committee until August 31, 1997,

> within which to investigate, negotiate, and if necessary, initiate and otherwise assert any and all claims as against Nationsbank . . . , by way of equitable subordination, offset defense, or affirmative recovery, or by claim or counterclaim or cause of action in any other jurisdiction or proceeding as may be initiated or prosecuted by the Debtor and/or the Committee, and that claims of the Estate against Nationsbank not filed by the Committee either in this Case or in another jurisdiction on or prior to August 31, 1997, shall be deemed waived. . . .

The committee cites *Peppers v. Siefferman*, 153 Ga. App. 206 (265 SE2d 26) (1980), to support its argument that the consent order superseded the waiver. However, *Peppers* addressed whether a debtor's admission to owing a debt that had been discharged in bankruptcy superseded the discharge. *Peppers* is inapplicable to this case. The 1997 bankruptcy consent order in this case appears to be a routine agreement to allow Suwannee Swifty to continue its business operations within the constraints of its ongoing bankruptcy action, incorporating as it does three previous such orders. Further, that portion of the order allowing the committee a certain time frame within which to assert claims appears to focus on docket management rather than the merits of the committee's claims against the bank. We find no merit in the committee's argument that the consent order superseded the earlier waiver and forbearance agreement.

4. The committee contends that factual issues remain for a jury to decide whether Suwannee Swifty signed the 1996 waiver and forbearance agreement under duress sufficient to invalidate the waiver. See *Kelley v. Gen. Motors Acceptance Corp.*, 145 Ga. App. 739, 740 (2) (B) (244 SE2d 911) (1978). However, aside from stating that "[e]vidence [that NationsBank's conduct was legally wrong] fills the record" and citing its 16 pages of factual assertions regarding the entire history of the relationship between Suwannee Swifty and NationsBank, nowhere does the committee cite specific factual allegations on record that raise a genuine issue of material fact regard-

ing its claim of duress that would void the 1996 waiver.

On the other hand, NationsBank submitted the affidavit of its vice president, who testified that he was personally involved in the negotiations with Suwannee Swifty's president over the 1996 waiver and forbearance agreement, which he signed on the bank's behalf. After detailing the financial details of the agreement, Dewitt testified that the final agreement, which was approved by Suwannee Swifty's board of directors,

> was a product of ongoing negotiations between Nationsbank and Suwannee Swifty, which negotiations occurred on several different occasions. This bargained-for arrangement resulted in Nationsbank releasing collateral it had no obligation to release. At no time did any individual affiliated with Suwannee Swifty contend that Suwannee Swifty was forced by Nationsbank in any way to enter into the Forbearance Agreement.

"It is not duress to threaten to do what one has a legal right to do." (Punctuation omitted.) *Gen. Motors Acceptance Corp. v. Bowen Motors*, 167 Ga. App. 463, 467 (1) (C) (306 SE2d 675) (1983). In this case, NationsBank had a legal right to insist on maintaining its liens on collateral securing its loans.

> Business compulsion or economic duress involves the taking of undue or unjust advantage of a person's economic necessity or distress to coerce him into making a contract and is also recognized as a contractual defense. However, a duress claim of this nature must be based upon acts or conducts of the opposite party which are wrongful or unlawful.

(Citations and punctuation omitted.) Id. While the committee contends that NationsBank's earlier termination of an alleged check-kiting scheme was wrongful, making the loans that were the subject of the 1996 waiver and forbearance agreement also wrongful, the committee failed to present sufficient evidence raising a genuine issue in this regard to withstand summary judgment.

> One may not void a contract on grounds of duress merely because he entered into it with reluctance, the contract is very disadvantageous to him, the bargaining power of the parties was unequal or there was some unfairness in the negotiations preceding the agreement.

(Citations and punctuation omitted.) *Miller, Stevenson & Steinichen v. Fayette County*, 190 Ga. App. 777, 778 (1) (380 SE2d 73) (1989).

Viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the committee, the trial court did not err in granting summary judgment to NationsBank. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

5. Finally, the committee argues that the trial court erred in granting summary judgment to the bank on its newly added claims of improper preference and fraudulent conveyance. NationsBank responds that the committee waived its right to add new causes of action in the bankruptcy court consent order of May 30, 1997, and further argues that the bankruptcy court specifically denied the committee's motion to add these new claims.

On December 18, 1998, the bankruptcy court ruled that

[a]ny causes of action against Nationsbank . . . which were not asserted in actions filed by or on behalf of the committee . . . on or before September 2, 1997, are deemed waived as provided in this court's order of May 30, 1997. The committee may amend or apply for permission to amend any complaint filed against Nationsbank on or before September 2, 1997 to the extent that the amendment relates to causes of action originally asserted in any such action, but may not amend to add new causes of action which existed as of May 30, 1997 and which were not asserted by September 2, 1997. A ruling on such amendment and its relation back shall be made by the court in which the case is pending based upon the substantive law and procedural rules applied by that court.

The trial court concluded that the committee had waived any right to add new causes of action in the May 1997 bankruptcy court consent order and that the committee's preference and fraudulent conveyance claims did not relate back to the initial claims.

OCGA § 9-11-15 (c) provides that "[w]henever the claim . . . asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading." However, this Code section is not instructive here. " '(T)he aim of the relation back rule as to amendment contained in [OCGA § 9-11-15 (c)] is to ameliorate the impact of the statute of limitation.' *Rich's v. Snyder*, 134 Ga. App. 889, 892 (3) (216 SE2d 648) [(1975)]." *Maelstrom Properties v. Holden*, 158 Ga. App. 345, 346 (280 SE2d 383) (1981).

The issue in this case is not whether the new claims arise out of the *transaction* raised in the initial pleading, but whether they relate to a *cause of action* raised in the initial pleading. Claims of prefer-

ence and fraudulent conveyance do not relate to the committee's initial causes of action, which included breach of contract, breach of duty of good faith, and duress, among others. We conclude that the trial court did not err in granting summary judgment to NationsBank on the committee's claims added by amendment.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED JUNE 27, 2000 —
RECONSIDERATION DENIED JULY 17, 2000 

*Byrne, Moore & Davis, Francis X. Moore, William L. Rothschild,* for appellant.

*Troutman Sanders, Kaye W. Burwell, Herbert D. Shellhouse,* for appellee.