## Morris *et al. vs.* Morris *et al.*

1. If an execution, which is proceeding to subject property, is founded on a judgment of a court of ordinary which is void for want of jurisdiction, the remedy of the administrator and his sureties against whom the judgment was rendered is ample, adequate and complete at law by affidavit of illegality, and there is no reason for equitable interposition by injunction or otherwise.

2. While equity may set aside a judgment for fraud, it must be fraud in the plaintiff in the judgment, or his counsel or agents. The fact that the ordinary before whom a case was pending granted leave of absence to counsel for plaintiff therein, who desired to be absent from the state at one term of the court; that the ordinary stated to opposing counsel that he would notify him when the case would be heard, but forgot to do so; and that at a subsequent

regular term of court, counsel for plaintiff having returned, the case was called up and a judgment rendered, is not such fraud as furnishes ground for a court of equity to set aside the judgment.

(*a.*) A motion to set aside the judgment might have been made in due time, and addressed to the sound discretion of the ordinary.

(*b.*) To decline to set aside the judgment and agree to have the case heard again, at the request of the ordinary, and to write out the judgment of the ordinary at the time it was rendered, furnishes no evidence of fraud on the part of plaintiff's counsel which would warrant the setting aside of the judgment by a court of equity.

3. The remedy being complete at law, by a motion to set aside the judgment within three years from its rendition, but complainant having delayed for six years, there was such *laches* as would bar equitable relief.

4. The court of ordinary being a court of general jurisdiction as to the administration of estates, and having passed upon the case and issued final process therein, and there being *laches* on the part of the defendant, equity will not aid him in setting aside the judgment.

May 1, 1886.

Judgments. Jurisdiction. Equity. Ordinary. Practice. *Laches*. Before Judge BROWN. Cobb County. At Chambers. September 9, 1885.

Reported in the decision.

PHILLIPS & SESSIONS; J. O. GARTRELL; THOS. B. IRWIN for plaintiffs in error.

CLAY & BLAIR; WILL. J. WINN. for defendant.

JACKSON, Chief Justice.

This is a demurrer to a bill in equity brought by plaintiffs in error to set aside a judgment of the court of ordinary of the county of Floyd, on the ground that the same was procured by fraud from the said ordinary; that the ordinary had no jurisdiction of the cause, and therefore the judgment was void; and that the complainants in the bill really had never had their day in court on the trial by reason of said fraud. The demurrer is to the effect that the

bill is without equity; that the remedy, if complainants have any right, is adequate and complete at law; that the superior court of Cobb county has no jurisdiction of the case; and that the bill is barred by lapse of time and by *laches* of complainant to such extent that equity will apply the statutory legal bar of three years to any equity which the party may have had if he had proceeded with that diligence and vigilance which courts of chancery always require of her suitors. The demurrer was sustained and the bill dismissed, and on this decree error is assigned.

The bill alleges that the complainant is administrator on the estate of James' Morris, and that the defendants in interest are one of the heirs of that estate and her husband; that in common with the other heirs of the estate, they had sued the administrator (the complainant) in Cobb superior court on his bond, bringing the action against him and his sureties on said bond anterior to the citation for him to be and appear before the ordinary to answer the citation before him at his court in Floyd; that he filed a plea of abatement in the ordinary's court on the ground that Cobb superior court had acquired jurisdiction and the case was still pending there on the appeal from a verdict in favor of complainant; that he was present by counsel to verify by proof, and insist on, his said plea, but counsel for the other side was absent, and the ordinary said he had given him leave of absence to go to New York, and he would inform counsel for complainant when the case would be taken up and heard; that no notice was given to his counsel, but at a subsequent term of the court, when counsel for complainant was absent at Chattooga superior court, the cause was heard, without notice to complainant or his counsel, and his plea overruled, and judgment rendered against him and one Anderson, his surety on his bond, by the ordinary, and at the motion of counsel for the other side, a judgment written by that counsel was rendered for a certain sum, with interest, in favor of said defendants; that his counsel returned from Chattooga court too late to

appeal; that they applied for the writ of *certiorari*, which was not sustained, because no exceptions were filed in writing on the trial before the ordinary; that the counsel applied to the ordinary requesting him to set aside the judgment, and he said he would see the other counsel and try and have it done, but failed to get his consent, and did not set aside the judgment; that execution is now levied upon the property of the administrator and his surety, and it will be sold unless equity interposes by injunction to stay proceedings, and at the hearing to set aside the judgment of the ordinary, give complainant a full hearing on this, his bill, on the merits, and administer such justice and equity in the premises as is right. The ordinary of Floyd county is made a party defendant, and also the counsel, Printup, of Floyd county, and Clay, of the county of Cobb, and the sheriff of Cobb, the latter two for the purpose of enjoining them, it is believed, because neither was concerned in the proceedings anterior to the ordinary's judgment, but Printup alone. The main defendants are citizens of Alabama and insolvent, and only Clay and the sheriff are citizens of Cobb, the venue of the present bill.

1. In so far as the judgment of the ordinary of Floyd county is void, or may be pronounced so, for want of jurisdiction, the remedy in behalf of the administrator, or of his surety, is ample, adequate and complete at law by affidavit of illegality, and there is no reason for equity to interpose by injunction or otherwise. Whilst that affidavit may not go behind the judgment, it may strike at it as void for want of jurisdiction, and attack it whenever and wherever it is being enforced against anybody in any court.

2. Whilst equity may set aside a judgment for fraud, it must be fraud in the plaintiff in judgment or his counsel or agents. Forgetfulness of the court to notify counsel for complainant when the court will again take up the case after its postponement on account of the absence in New York of defendant's counsel, by leave of court, at one

term, and its being taken up at a subsequent regular term of the ordinary's court, is no ground for interposition by equity to enjoin an execution and to set aside a judgment at law. It is, of itself, no fraud in the ordinary. If a motion had been regularly made before him to set the judgment aside, and if he remembered his promise and recognized it, it would be good reason for him to exercise his discretion and open the case and hear it tried and argued; but even if he had acted wrongfully, and, in the sense of treating badly the complainant, fraudulently towards him, yet unless the defendants in this bill or their counsel or agents had participated in the fraud, it could not affect them. To decline to set aside the judgment at the request of the ordinary and to hear the case again, and to write out the judgment of the ordinary when he tried the case at the subsequent regular term of the court, are neither of them any evidence of participating in the bad conduct or forgetfulness of the ordinary. And there is really nothing in the bill that hints at fraud in either parties or counsel. The parties were far away in Alabama. The counsel had not agreed, directly or indirectly, to notify opposing counsel of anything. He had a perfect right to get leave of absence and go to New York, and on his return, at the regular term of the court to call up his case; and there is no allegation of his having done aught else except to prepare the judgment, putting it in legal shape for his client in the presence and under the eye and doubtless at the request of the ordinary. Therefore we fail to see equity in the bill as against the absent defendants in Alabama, or Printup, their counsel, at Rome, in Floyd county.

3. The remedy at law was complete had it been pursued in time. A motion to set aside the judgment, not a request merely to the ordinary to do so, if made within three years, would have done all that equity could possibly do for the complainant. Instead of pursuing this plain, common law remedy, time was frittered away in writs of *cer-*

*tiorari* and requests to the ordinary until six years had elapsed before equity was asked to intervene. There was clear *laches* by the complainant. Equity does not help the sleepy—only the vigilant, the watchful, the searcher for an available and legal remedy, and not failing to obtain it by his own fault, are the passports to her favor. She does not relieve against the plain statute of limitations of three years as a bar to set aside a judgment at law, but rather follows the law and applies it herself; often she not only does that, but sets up her own bar to any demand that is stale and shows *laches*.

4. Therefore, without looking further into the case, we are constrained by the fixed principles of equity jurisprudence in its interference, especially with final process under common law judgments, or judgments of the court of ordinary—a court of general jurisdiction of subject-matters of this sort—to withhold her aid in this case, under the allegations in this bill. The plea in abatement founded on the suit on the bond in the superior court of Cobb county was passed upon by the ordinary, and nothing done by way of motion to set aside, *certiorari* or appeal to correct the error, if any, in time; and by no fraud of the defendants in interest or their counsel, was this timely action prevented. Equity helps those only who help themselves, unless prevented by the illegal or fraudulent conduct of their adversaries. Whilst, therefore, it may be a hard case, she has no power to ward off the blow; whilst, at the same time, as individuals, her organs here might wish to do something, as a court, we are powerless.

Judgment affirmed.