29839. HEAD v. HEAD et al.

GUNTER, Justice.

This is an appeal from a judgment that denied plaintiff-appellant's motion to set aside judgment and for new trial. The judgment sought to be set aside had been entered on September 16, 1974 by consent of the parties in litigation that had been pending in the superior court for almost ten years. The motion to set aside and for new trial was filed on October 16, 1974, stating as grounds, failure of consideration, mutual mistake of fact, and the general grounds. After hearing evidence and argument of counsel on the motion, the trial judge entered a judgment on November 23, 1974 denying the motion.

We affirm the judgment.

A written agreement settling the issues being litigated was signed by all the parties on September 11, 1974. There is evidence that immediately prior to the signing of the settlement agreement the parties had engaged in thirty hours of negotiations. The appellant was represented by counsel, and at the hearing he testified that the settlement agreement had been read to him by his attorney, but he did not read the agreement

himself. Paragraph 11 of the agreement was: "The parties agree that the provisions of this agreement shall be made a part of a consent judgment to be entered in the above-styled case; specifically agree that counsel for the parties can sign the parties consent to the judgment on behalf of each; specifically agree that the court can enter the consent judgment without findings of fact and conclusions of law."

A copy of the agreement signed by the parties was attached to the judgment entered by the court, and the judgment showed that counsel for the plaintiff and counsel for the defendants consented to the judgment.

The one enumerated error is as follows: "Where, as in the cause here, there is pending litigation and the parties thereto enter into a written agreement settling all issues, and agree that a consent judgment be entered by the Court embodying said agreement as the judgment of the court, and where, as in this cause, the written agreement upon which the consent judgment was based provided for certain payments to be made to appellant prior to the judgment, provided for the transfer of real property with restrictive covenants and other conditions to be performed prior to judgment by the appellees, and the testimony of both parties to the judgment shows that these conditions were not performed and have not been performed, the judgment of the Superior Court of Jackson County, Georgia, of November 21, 1974, refusing to set aside the consent judgment based on said agreement is error."

The agreement provided that certain payments would be made to the appellant "no later than 5 o'clock p.m. on Wednesday, September 11, 1974." It is apparent from the evidence submitted at the hearing that neither party contemplated strict adherence to the 5 p.m. time limit. There is evidence that the appellant's attorney expressly waived this provision of the agreement, stating that the defendants had a reasonable time at which to comply with the payment provisions. Also, the appellant himself waived this payment provision and any breach thereof by accepting payments after the time stated in the agreement.

The agreement entered into by and between the parties, read in its entirety, shows that it was not

contemplated that all of its requirements were to be concluded "prior to judgment." There is no language in the agreement requiring performance prior to judgment, and the agreement itself provides that the parties "agree to execute any and all documents necessary to effect the provisions of this agreement."

As we read the agreement, the consent judgment, and the testimony submitted at the hearing on the motion, we think the trial judge's judgment denying the motion was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1975 — DECIDED<br>SEPTEMBER 2, 1975.

*Robert E. Andrews,* for appellant.
*Joseph E. Cheeley,* for appellees.