## 32851. CANNON v. KITCHENS.

JORDAN, Justice.

Thelma Jean Cannon brought suit in equity to enjoin the foreclosure of a second mortgage and to cancel certain documents including a written agreement, note and security deed which created a financial obligation against the plaintiff for the benefit of the defendant, Harold L. Kitchens. At the conclusion of plaintiff's evidence, defendant's motion for a directed verdict was granted. Appellant's single enumeration of error is that the trial court erred in removing the case from the consideration of the jury by directing a verdict for the defendant.

The documents which appellant seeks to have canceled begin with a signed memorandum of agreement which calls for Cannon to pay Kitchens $4,000. It was the purpose of this document to resolve and liquidate the amount of damages suffered by Kitchens as a result of a wrongful attachment issued against him by William A. Spaniard. Cannon was the surety on the attachment bond and would have ultimately been liable to Kitchens for any damages that he suffered as a result of the wrongful attachment since Spaniard was presently serving a prison term on charges not connected with this case.

Cannon paid Kitchens $400 on the agreement and later executed a security deed and note in the amount of $3,600 payable in twelve monthly installments of $324 each. The security deed represented a second mortgage on Cannon's home. After paying three monthly installments, a total of $1,360, Cannon became unable to make further payments, and Kitchens initiated foreclosure proceedings against her property.

Cannon filed this suit asking for a temporary and interlocutory injunction barring the foreclosure, cancellation of the security deed, note, and lis pendens notice, cancellation of the agreement between plaintiff and defendant and recovery of the amount of money already paid to Kitchens. Cannon maintains that these documents were procured by duress, coercion and misrepresentation.

The issue presented in this appeal is whether there was any evidence introduced which could constitute

duress, coercion or misrepresentation and allow Cannon to obtain relief from her contractual obligations. Appellant testified that she signed the contested documents because Kitchens threatened to take her home and put her out on the street. On cross examination she testified that she had received notice of Kitchens' suit for wrongful attachment, had requested a meeting with Kitchens for the purpose of settling any future liability as Spaniard's surety and that the agreement liquidating damages at $4,000 was signed at this meeting. Appellant also testified that she had sought and obtained counsel from a local attorney concerning her situation as surety on the attachment bond and had been informed it would cost $1,000 to defend the wrongful attachment action.

An act must be wrongful to constitute duress, and it is not duress to threaten to do what one has a legal right to do. The threat to bring a civil proceeding against a person is not duress in a legal sense. *Causey v. Matson,* 215 Ga. 306 (110 SE2d 356) (1959).

Reviewing the evidence in a light most favorable to the appellant, it is at best established that her claim for relief is based upon an alleged threat by Kitchens or his attorney to prosecute an action against her as surety on Spaniard's attachment bond. An alleged "threat" to prosecute a civil action, either express or implied, does not constitute duress or coercion in a legal sense that would justify a court of equity in setting aside a contractual obligation. *Bond v. Kidd,* 122 Ga 812 (50 SE 934) (1905).

Appellant did not present evidence that would authorize a jury to find duress, coercion or misrepresentation and the trial court correctly granted the defendant's motion for a directed verdict. Arriving at this conclusion, we need not consider the question of, waiver of the claim of fraud and duress based upon voluntary payments on the contract sought to be canceled. See *Williams v. Rentz Bkg. Co.,* 114 Ga. App. 778 (152 SE2d 825) (1966); *Camp v. Hatcher,* 119 Ga. App. 63 (166 SE2d 422) (1969).

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 7, 1977 — DECIDED NOVEMBER 28, 1977.

*Archie L. Gleason,* for appellant.
*Kenneth R. Chance,* for appellee.