## 55819. ATLANTA TRUCK SERVICE, INC. v. ASSOCIATES COMMERCIAL CORPORATION.

DEEN, Presiding Judge.

1. One Orvall Smith, owner of record of a tractor truck, left it with Atlanta Truck Service, Inc. for repairs. He subsequently failed to claim the property. From the exceedingly skimpy record in this case, it is suggested that the trustee in bankruptcy indicated to the third-party defendant, Associates Commercial Corp., that the latter as record holder of the security interest in the property might proceed to enforce whatever legal rights it might

have. Certainly there is no claim on the part of the trustee.

The tug of war over the property then limited itself to the repairman and the security interest holder. The former retained possession of the tractor, and this constitutes a possessory lien which may be asserted by simple retention of the vehicle (Code § 68-423a) and which is superior to "all liens except for taxes and such other liens and security interests of which the mechanic had actual or constructive notice before the work was done or material furnished." It does not appear whether or not the repairman was cognizant of the security interest of Associates Commercial Corp. when the work was done.

At any rate, upon the owner failing to claim the vehicle, the appellant repairman advertised it for sale under the Abandoned Motor Vehicles Act (Ga. L. 1972, p. 342 et seq.; Code Ann. Ch. 68-23). This tractor fits the definition of abandonment in Code Ann. § 68-2301 (a) as a vehicle left with a repairman for repair and not called for within 60 days after completion of the repairs. Under this Act there must be a good faith effort to locate the owner, and also (Code Ann. § 68-2305) a registered mail notice to "all persons claiming a lien on such vehicle as shown by the records of the State Department of Revenue of Georgia." "Lien" as used in the Motor Vehicle Certificate of Title Act (Ga. L. 1961, p. 68, as amended) means a lien created by operation of law and not by contract, thus excluding security interests. See Code § 68-402a (k). The Abandoned Motor Vehicles Act makes no mention of security interests. The reference to efforts to locate the owner indicates that it is assumed the whereabouts of the true owner are unknown, and calls to mind Code § 68-432a (c) providing that where a vehicle is left unclaimed for a 30-day period with a repairman the latter shall notify the revenue commissioner, but a vehicle left by its owner "whose name and address are known to the [garage] operator or his employee is not considered unclaimed." Thus, the Abandoned Motor Vehicles Act under which the appellant attempted to proceed is grossly deficient in failing to include that class of claimants who own security interests in the vehicle, and also in failing to spell out the rights of an owner or security interest holder who may come in response to the necessary notice and

advertisement preceding the auctioning off of the vehicle provided for by that Act. Although it is true that under Code § 68-2301 (a) the vehicle meets the original definition of an "abandoned vehicle," construing the Act as a whole we decline to hold that this allows the repairman to auction off the vehicle without regard to bona fide claimants who own or have security interests in the property, but it is intended to be a method of disposing of property where no claimant appears who is willing to tender the cost and expenses surrounding the lien under which the plaintiff is acting. The first enumeration of error, that the court erred in not holding the vehicle to be an abandoned vehicle, thereby allowing the auction sale to stand regardless of the foreclosure proceeding, is without merit.

2. The sequence of events was chronologically as follows: The tractor was left with the appellant repairman on July 12, 1977, and was unclaimed by the owner thereafter. On October 3, 1977, the repairman notified the appellee security interest holder that it intended selling the vehicle at auction as an abandoned motor vehicle, thus indicating that of this date the repairman knew of the existence of the security interest, but not indicating whether or not it had been aware of it at the time the work was performed. On November 7, 1977, the appellee had its foreclosure proceedings against the property levied upon it by virtue of a possessory warrant, but left the property in the physical possession of the repairman. On November 25, 1977, the latter conducted an auction sale in accordance with the requirements of Code Ch. 68-23, received a check for the amount of the high bid, deducted the amount claimed for repairs and storage, and paid the excess into the registry of the clerk of the superior court for the use of the owner. A hearing was held December 19, 1977, in which the appellant was treated as a third-party defendant. The judgment as twice amended held in essence that the plaintiff security interest holder was entitled to possession of the tractor, that the repairman might receive $720 as storage fees (instead of the $3,000 claimed by it), that it was entitled to a return of a check deposited in the superior court in the sum of $7,352 as the amount of the proceeds of the auction sale over and above

the repairman's repair bill and storage fees, and that it was at liberty to claim the rest of the bill from any person who may be liable.

Nothing in the transcript of evidence supports the $720 figure allowed by the judge, and the fact that this amount was, as stated in the order, without prejudice to "payment of any additional amount on the storage fee from any person who may be liable" suggests that the trial court did not regard this sum as the full amount owing.

We reverse the case on the second and third enumerations of error.

In particular, we hold the following: Regardless of initial priorities, the foreclosure was levied before the alleged auction sale under the Abandoned Motor Vehicle Act was undertaken, and at this point the property was not "abandoned" in the legal sense, but was in the custody of the court, which rendered the subsequent auction sale null and void. However, the appellant had a valid possessory lien for work done and materials furnished under Code § 68-423a, so that it was illegal to grant possession of the vehicle to the security interest holder without payment of the amount due the repairman. There is no evidence to establish this amount. And while the repairman may, as pointed out above, lose its priority if it knew of the security interest at the time the materials were furnished, there is no evidence that this was the case.

The case is remanded for a new trial. Until a valid foreclosure sale, possession of the property remains in the appellant. If the appellant establishes its priority of lien it is entitled to be paid whatever repair and storage costs may be established. The attempt to sell the vehicle at auction, under these circumstances, is void.

3. The appellee contends in its brief that the appellant has no standing to bring this appeal. There is, however, no motion to dismiss on this ground. Further, an examination of the transcript of evidence indicates that the trial court raised the question sua sponte and appeared satisfied with the appellant's answer, and that the appellee made no objection to his ruling that "it would be in order to hear from you then," referring to the appellant's claim. The question cannot be raised for the

first time in the appellee's brief in this court.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED MAY 1, 1978 — DECIDED MAY 17, 1978 —
REHEARING DENIED JUNE 9, 1978.

*James W. Garner, Dennis T. Still,* for appellant.
*Robert A. Blackwood, III,* for appellee.