### 61099. KAPLAN v. CITY OF ATLANTA.

POPE, Judge.

Appellant negotiated and entered into a consent agreement with the City of Atlanta relating to citations which he had received charging him with numerous violations of the Atlanta Housing Code. Under the terms of the agreement, appellant's nole contendere plea would be unopposed by the City and appellant agreed to pay fines on, or in some cases demolish, the properties alleged to be in violation of the housing code. With a minor modification, the consent agreement became the judgment of the Municipal Court of Atlanta on August 23, 1979.

On October 8, 1979 appellant petitioned for a writ of certiorari to the Superior Court of Fulton County. The City moved to dismiss the petition on the ground that it was presented more than 30 days after the final determination of the case. Code Ann. § 19-209. The superior court granted the City's motion and dismissed the petition. We affirm.

1. On August 22, 1979, upon the request of counsel for appellant, counsel for the City and for appellant met to discuss and

negotiate an agreement as to the alleged housing code violations. The agreement reached by the parties became the judgment of the municipal court on August 23, 1979. This judgment dealt with violations of the housing code at six different properties owned by appellant and required the fines imposed as a result of those violations to be paid in full on or before September 27, 1979. In the case of one of these properties located at 632 8th Street, the City agreed to recommend suspension of the fine of $250 if and only if the building located thereon had been demolished on or before September 25, 1979; appellant was required to return to the municipal court on September 27, 1979 for a "final determination of this matter." Basing his argument on this language, appellant contends that the judgment of the municipal court did not become final until September 27, 1979. We disagree.

"The agreement entered into by and between the parties, read in its entirety, shows that it was not comtemplated that all of its requirements were to be concluded 'prior to judgment.' There is no language in the agreement requiring performance prior to judgment . . ." *Head v. Head,* 234 Ga. 807, 808-809 (218 SE2d 598) (1975). We read the agreement as having given appellant additional time after entry of the judgment of the municipal court to choose between two alternative penalties imposed on this property. The language cited by appellant merely provided the method by which he was to have made his selection known to the court.

2. On September 24, 1979 appellant's counsel met ex parte with the municipal court seeking an extension of the deadline on the 632 8th Street property from September 25, to October 5; appellant also filed a notice of intention to petition for certiorari as to fines imposed on certain other property covered in the consent judgment. Immediately thereafter, the City filed a "Motion to Vacate Judgment" which charged appellant with bad faith and requested a trial on the issues. This motion was denied by the municipal court on September 27, 1979. Appellant contends that the filing of this motion, like the filing of a motion for a new trial, tolled the time for filing his petition for certiorari. This contention is not meritorious.

The City's motion to vacate amounted to a complaint in equity since it sought to set aside the judgment based on "the acts of the adverse party unmixed with the negligence or fault of the complainant." Code Ann. § 81A-160 (e). However, superior courts have *exclusive* jurisdiction in equity cases. Art. VI, Sec. IV, Par. I, Ga. Constitution of 1976 (Code Ann. § 2-3301). "As the [municipal court] was without power to entertain the motion for [equitable relief], it was a mere nullity, and the filing thereof could not operate to extend the jurisdiction of the court over the case beyond the date of its final

judgment." *Crosson v. State,* 124 Ga. 651, 652 (2) (52 SE 880) (1905). Furthermore, even if the City's petition for equitable relief had been properly filed in the superior court (Code Ann. § 81A-160 (f)), the time for filing appellant's petition for certiorari would not have been tolled since the equitable petition involved a distinctly different judicial proceeding from the case sub judice. See *Richardson v. Rector,* 134 Ga. App. 116 (1) (213 SE2d 488) (1975). See also Code Ann. § 6-803(a). Accordingly, the superior court properly dismissed appellant's application for certiorari. *Hitt v. City of Atlanta,* 103 Ga. App. 717 (120 SE2d 339) (1961).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 19, 1981.

*Scott H. Kaplan,* for appellant.
*Paul L. Howard, Jr.,* for appellee.

