## 64637. LOWE ENGINEERS, INC. et al. v. ROYAL INDEMNITY COMPANY.

BIRDSONG, Judge.

Doctrine of Binding Precedent. Lowe Engineers, Inc. (Lowe) is a company engaged in engineering studies, mapping, surveys and related services concerning navigable waters of the United States in several of the states of the United States including Arkansas. Its services included measuring length and width of rivers, depth, speed

of current flow, and height of river banks.

On September 30, 1968, the appellee Royal Indemnity Company ("Royal") issued to Lowe a policy of insurance covering workers' compensation and employer's liability. An exception for bodily injury, including death, sustained by a master or member of the crew of any vessel, was contained in the general liability portion of the policy. Royal's coverage for non-worker's compensation incidents was limited to $100,000 in the case of one or more deaths or injuries resulting while the policy was in effect. The policy period extended until September 30, 1969.

On May 8, 1969, Lowe was engaged in mapping the Red River in the state of Arkansas. On that day a flat bottom boat containing six employees of Lowe capsized resulting in the drowning deaths of five of the employees. Apparently Royal commenced paying workers' compensation to the survivors of the decedents. On January 16, 1970, the survivors of four of the deceaseds filed suit against Lowe in a federal district court in Arkansas asserting that the complaint was based in admiralty or maritime jurisdiction as a violation of the Jones Act (46 U. S. C. A. § 683) and under principles of general maritime law. See Moragne v. States Marine Lines, 398 U. S. 375 (90 SC 1772, 26 LE2d 339).

On February 17, 1970, Royal notified Lowe that it would not defend the Arkansas lawsuit and denied coverage under its policy. The basis of its denial of coverage emanated from the allegations in the Arkansas case that the deceased workers were crewmen of a vessel under the maritime law of the United States and/or the Jones Act. Though Royal was not a party to the litigation in the federal court in Arkansas, the parties to that trial stipulated that Royal had paid certain workers' compensation to the survivors and that a determination that the deaths resulted from a maritime accident and fell within the Jones Act or the general maritime law would entitle Royal to reimbursement for previously made workers' compensation payments, as compensation under the maritime law was exclusive. The trial of the Arkansas action commenced on April 12, 1971. Judgment against Lowe and its umbrella insurer, United States Fire Ins. Co., was rendered on June 11, 1971, in the amount of $455,000.

A similar complaint was filed in federal district court in Birmingham, Alabama, against Lowe by the survivors of the fifth deceased employee. The allegations of the complaint also sounded in violations of the Jones Act and general maritime law. However, this case was compromised by Lowe and its insurer with the plaintiffs in the amount of $70,000.

As a part of its decision the trial court in Arkansas determined that the individual employees were assigned to a specific crew and

that each crew had its own party chief, boat and equipment. The boats were used for transportation from one work site to another as well as being used for transportation to and from the point of departure. In substance, the court found that a substantial part of the work of the members of the staking crew (measuring length), the sounding crew (measuring depth) and the overbank crew (measuring bank height) was required to be done on water and was related to maintenance and operation of the boat assigned to those crews. The use of the boats was required in the performance of each crew's work and constituted an integral part thereof. The court further found that the Red River was and is a navigable stream; that the boat used was a vessel; and that each person assigned was a seaman within the meaning of that word in admiralty law and by irrefutable implication each employee was a crewman of an assigned vessel. On appeal to the circuit court of appeals, the appeal was limited to the issue of damages. That court found a violation of either or both the general maritime law and/or the Jones Act and affirmed. Spiller v. Lowe, 466 F2d 903 (8th Cir. 1972).

On December 10, 1974, Lowe and its umbrella insurer, U. S. Fire Ins. Co., filed the present lawsuit against Royal seeking the $100,000 coverage stated in Royal's employer liability policy, over $21,000 in attorney fees, litigation expenses in excess of $66,000, interest in excess of $20,000, and statutory penalties and attorney fees. Royal answered contending that under the doctrine of binding precedent it had been judicially determined by the district court in Arkansas that the capsized boat was a "vessel" and that the deceased employees were "seamen" or "members of the crew" of that vessel. As members of the crew of a vessel, the employees fell within the exclusion contained within the policy issued by Royal excluding liability for the death of crewmen of a vessel. Royal moved for summary judgment upon this ground and the trial court granted the motion. Lowe and its umbrella insurer bring this appeal enumerating as error the application of the doctrine of binding precedent in the absence of privity between Royal and Lowe in the earlier judgment in Arkansas. *Held:*

As we perceive the issue facing the parties and the trial court, it was whether Royal had issued a policy that extended coverage to Lowe for the death of five of its employees and whether it improperly refused to defend a suit based upon employer liability or is now liable for the ascertained losses suffered by Lowe because of the judicially determined employer liability to its employees' survivors (including costs, interest and statutory penalty for failure timely to respond to a claim by the insured). However, the threshold question on the issue of coverage still remained whether the exclusion in the policy of

insurance excluding coverage for the masters or crew members of vessels constituted a complete defense to Royal. In the original complaint filed by the survivors in Arkansas as well as the companion suit filed in Alabama, the complainants sought to establish by fact and law that the employees were seamen embarked as crewmen on a vessel in navigable waters so as to qualify them as claimants under the maritime law of the United States. This in substance would entitle them to compensation under the maritime equivalent of the Federal Employees Liability Act and authorize them to seek damages for tortious injury. Otherwise, they would be limited to workers' compensation coverage only. That this was clearly understood as the threshold issue in that prior case is manifested by the agreement in the federal court that though Royal had commenced paying workers' compensation benefits pursuant to its policy coverage, if the maritime nature of the incident was established, then Royal was to be discharged from its workers' compensation obligation and previously made payments would be returned.

It is uncontested in the instant case that as between the claimants in the federal court and the appellant Lowe, it has been judicially settled that the five deceased employees were regularly assigned members of the several crews surveying the Red River. These crews were members of small boats that were vessels within the maritime law and had specific duties relative to the boat. Thus, we conclude that it has been finally determined as between Lowe and those claimants that the deceased were members of the crew of a vessel at the time of the incident giving rise to Lowe's liability. The only remaining issue is whether Royal can avail itself of that judicial determination even though Royal was not a party to that litigation.

The doctrine of res judicata arises from a judgment of a court of competent jurisdiction as between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered. Code Ann. § 110-501. A plea of estoppel by judgment stems from the doctrine of res judicata where there has been a former adjudication of the same issues by the parties or their privies, even though the adjudication may not have been upon the same cause of action. *Smith v. Wood,* 115 Ga. App. 265 (1) (154 SE2d 646). As stated in that same opinion, estoppel by judgment is sometimes referred interchangeably as collateral estoppel or as estoppel by judgment. See *Blakely v. Couch,* 129 Ga. App. 625, 627 (1) (200 SE2d 493).

Lowe contends, and Royal concedes, neither of these doctrines are applicable to this litigation for there is an absence of privity by Royal to the earlier litigation in the federal court in Arkansas. However, this does not end the matter. Royal argues that the issue of

whether the employees were embarked upon a vessel as a member of the crew thereof is conclusive insofar as Lowe is concerned. Royal contends relitigation of that issue is neither appropriate nor proper in view of the doctrine of binding precedent. Succinctly stated, that doctrine provides where the issue of liability has previously been adjudicated with negative results for a party contending for the same rights in subsequent litigation, the former judgment, although not res judicata, estoppel by judgment nor collateral estoppel as to the present action because the parties are different, does constitute binding precedent, inasmuch as the controlling issue (i.e., the prior complaint was cognizable as a maritime claim because the employees were crew members on a vessel engaged on navigable waters of the United States) has already been adjudicated under substantially similar allegations. *Bray v. Westinghouse Elec. Corp.,* 103 Ga. App. 783 (120 SE2d 628). See also *Standard Oil Co. v. Harris,* 120 Ga. App. 768 (172 SE2d 344) which authorizes the conclusion, in effect, at pp. 769-770, that in view of the results of the Arkansas verdict, a verdict in favor of Lowe against Royal on the same issue could not stand.

As recently as 1973, this court held: "We recognize the validity of the doctrine of 'binding precedent' as stated in *Bray v. Westinghouse Electric Corp.*. . . and *Standard Oil Co. v. Harris*. . . ." We too recognize the viability of the doctrine and are bound by the precedent. *Joseph v. State,* 148 Ga. 166 (96 SE 229). In view of the earlier determination that the deceaseds were members of the crew of a vessel, the trial court did not err in concluding that Royal had no obligation to defend the suits in Arkansas or Alabama or reimburse Lowe or its umbrella insurer for damages paid to satisfy those judgments. See *Caswell v. Caswell,* 162 Ga. App. 72, 73 (290 SE2d 171).

We recognize that the settlement or compromise in Alabama would not fit the mold of binding precedent because that trial did not proceed through litigation in court with a judicial determination. However, the issues in that case were identical to the Arkansas case, as is indicated from the pleadings in that case. The death resulted from the same accident and the precedent set in the Arkansas case is likewise dispositive of the liability raised in the Alabama settlement.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Decided November 3, 1982 —

*Jeffrey L. Sakas,* for appellants.

*Richard K. Hines V, John W. Winborne III, Edgar A. Neely, Jr.,* for appellee.