## 65393. CROCKETT v. SHAFER.

BIRDSONG, Judge.

This appeal is from the trial court's directed verdict in favor of the plaintiff in this action on a promissory note in the amount of $20,000. The trial court also awarded $3,000 in attorney fees plus costs. Appellant enumerates as error the trial court's ruling that this action is not barred by the doctrine of res judicata, the award of attorney fees, the trial court's ruling sustaining appellee's objection to evidence relating to appellant's failure of consideration defense, and the direction of a verdict in favor of appellee upon the finding that appellant had not created a jury question on the issue of duress.

The facts giving rise to this action are basically undisputed. Appellant retained appellee as legal counsel in connection with several criminal matters between late 1974 and February 16, 1977. On the latter date, appellant discharged appellee and retained other counsel. Appellee had in his possession at the time of the discharge certain file materials that appellant claims were crucial to his ongoing efforts to gain his release from the federal penitentiary in Atlanta. Appellant testified at trial that appellee refused to transfer his file to his new counsel prior to a settlement of a dispute over unpaid fees. Appellee claimed entitlement to an additional $25,000 in fee and expenses, and, on May 12, 1977, presented to appellant a promissory note in that amount. Appellant retained the note for approximately ten days before he signed and returned it to appellee. Prior to returning the note, appellant reduced the amount to $20,000, changed the due date to one year after the termination of his prison sentence, and removed his wife's name as co-maker. He also consulted with his new attorney regarding the terms of the note.

On March 16, 1979, appellant was released from prison and placed on two years' parole. Appellee initially brought suit on the note in January 1981. That action was eventually dismissed as being premature, since the contractual due date under the note would not arrive until one year after the termination of appellant's sentence, which included parole. See *Shafer v. Crockett,* 160 Ga. App. 419 (287

SE2d 358). Appellant's sentence expired on March 11, 1981, and this action was commenced on March 16, 1982.

1. Appellant's first enumeration of error attacks the trial court's ruling that this action is not barred by res judicata. However, appellant ignores the requirement that the former adjudication must be on the merits before it will bar a subsequent action on the same cause between the same parties. OCGA § 9-12-42 (Code Ann. § 110-503). The judgment in the first suit, which was based upon the ground that the due date of the note had not yet arrived, did not go to the merits of the action but was merely a dilatory plea. *Shaheen v. Kiker,* 105 Ga. App. 692 (2) (125 SE2d 541). Consequently, that judgment was not an adjudication of the merits of the claim and will not sustain a plea of res judicata in this action. *National Heritage Corp. v. Mount Olive Memorial Gardens,* 244 Ga. 240 (260 SE2d 1).

2. Appellant's third enumeration of error is equally meritless. A lieutenant with the Lowndes County Sheriff's Department unequivocally testified that he served on appellant, along with the complaint and summons in this action, a copy of the letter from appellee's counsel to appellant providing the 10 days' notice required by OCGA § 13-1-11 (a) (3) (Code Ann. § 20-506) for the collection of attorney fees on a promissory note. Appellant offered no evidence that the letter was not served. Appellee also attached a copy of this letter to an amendment to the complaint. Accordingly, the trial court correctly ruled that appellee had complied with the notice provision of OCGA § 13-1-11 (Code Ann. § 20-506) and was entitled to collect attorney fees provided the note was enforceable.

3. Appellant's fourth enumeration of error, relating to the trial court's rejection of his failure of consideration defense, is also without merit. Appellant sought to prove that the agreement for representation by appellee contemplated no payment of attorney fees if appellant spent any time in prison. Appellant necessarily had knowledge of any such defense at the time he executed the note. "The [execution] of a note in order to obtain an extension of time for payment [on an account], done with knowledge of defenses such as failure of consideration, works an estoppel to urge, against the subsequently executed instrument, the defenses of which the maker had knowledge at the time." *Massey v. Electrical Wholesalers,* 137 Ga. App. 829 (1) (2) (224 SE2d 811). Consequently, the trial court did not err in sustaining appellee's objection to testimony relating to the defense of failure of consideration.

4. Appellant's remaining enumeration of error challenges the grant of appellee's motion for directed verdict. Although admitting execution of the note, appellant argued that he executed the note under duress and that the note was, therefore, unenforceable. At the

close of the evidence, the trial court held that appellant had not made a prima facie case showing duress and that appellant's actions after execution of the note were inconsistent with his repudiation of his alleged obligations thereunder.

Appellant argues that the duress in this case arises from the alleged fact that appellee refused to return appellant's file materials, which were necessary to his continued efforts to gain release from prison, until appellant signed a promissory note for the amount of fee allegedly due and owing. Appellant cannot argue that the mere fact of imprisonment alone could constitute duress in this case (see OCGA § 13-5-6 (Code Ann. § 20-503), *Hazen v. Rich's,* 137 Ga. App. 258 (223 SE2d 290)) since appellant's imprisonment was not the result of any action on the part of appellee to effect execution of the note. The precise question raised by appellant is whether an attorney's refusal to release file material to a former client prior to settlement of a fee dispute can constitute duress sufficient to permit the former client to avoid his obligations pursuant to a promissory note, the execution of which is made a prerequisite for the return of the file material.

OCGA § 15-19-14 (a) (Code Ann. § 9-613) provides: "Attorneys at law shall have a lien on all papers and money of their clients in their possession for services rendered to them. They may retain the papers until the claims are satisfied and may apply the money to the satisfaction of the claims." Thus, appellee in the instant case had a statutory right to retain appellant's file materials in appellee's possession until his fee claim was satisfied or he was otherwise directed by court order. As such, appellee's action in retaining appellant's file material cannot constitute duress in the legal sense. "An act must be wrongful to constitute duress, and it is not duress to threaten to do what one has a legal right to do." *Cannon v. Kitchens,* 240 Ga. 239, 240 (240 SE2d 78).

Since appellant presented no evidence that would authorize a jury award in his favor, the trial court correctly granted appellee's motion for directed verdict. "Arriving at this conclusion, we need not consider the question of [appellant's alleged ratification of the note after the alleged duress was eliminated.]" *Id.*

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 4, 1983 —
REHEARING DENIED MAY 3, 1983 — 

*George M. Saliba II,* for appellant.

*J. Converse Bright,* for appellee.