### 73855. BAGWELL v. PARKER et al.
(355 SE2d 463)

DEEN, Presiding Judge.

Appellant James T. Bagwell brought suit against appellees Bobbye C. Smith and her daughter Joanna C. Parker, seeking damages of $50,000 plus costs for loss of consortium due to injuries received by

his wife when her automobile was struck by a vehicle owned by Smith and operated by Parker. On March 26, 1986, Bagwell was granted a default judgment in the amount of $52,650. On June 17, 1986, Parker and Smith moved pursuant to OCGA § 9-11-60 (d) to set aside the default judgment on the ground that it contained a non-amendable defect appearing on the face of the record in that the damages awarded exceeded the amount sought. On July 1, 1986, a hearing on the motion was held at which appellees were allowed to amend their motion and present evidence that the default judgment was obtained through "fraud, accident or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant," as authorized by OCGA § 9-11-60 (d) (2), as amended by Ga. L. 1986, p. 294, § 1, which became effective on that date. Upon the grant of the motion to set aside based on this theory, appellant timely obtained a certificate of immediate review, which was granted by this court.

1. Appellees contend that because the judge who rendered the judgment sought to be reviewed was not the one who issued the certificate of immediate review, albeit of the same court and signed on behalf of the original judge, the requirements of OCGA § 5-6-34 (b) were not met and the appeal must be dismissed. While there is some language in *Sears v. Citizens Exchange Bank*, 166 Ga. App. 840, 842 (305 SE2d 609) (1983), which might support this contention in regard to the appropriate judge to grant a motion to open default in the same term of court under OCGA § 9-11-55, appellees have cited no authority and we are unpersuaded that such a situation is in any way analogous to the certification for immediate review procedure.

2. Pretermitting appellant's arguments advanced as a basis for reversal is the fact that the default judgment was set aside here because of evidence presented by Mrs. Smith that her insurer failed to answer the suit after she had turned the pleadings over to it and was told that all matters in her defense were being handled by representatives of the insurance company. Effective July 1, 1986, the General Assembly amended the Civil Practice Act, OCGA § 9-11-60. Ga. L. 1986, p. 294, § 1. This amendment prohibited the use of a complaint in equity to set aside a judgment. OCGA § 9-11-60 (e), as amended. However, the grounds for such relief were not eliminated, but rather were assigned as grounds for a motion to set aside at law. See OCGA § 9-11-60 (d) (2), as amended. The effect of these changes is to allow any trial court to set aside a judgment rendered by it based upon grounds formerly reserved to superior courts via complaints in equity. See OCGA § 9-11-60 (b), as amended. Thus, for the purpose of a motion to set aside pursuant to OCGA § 9-11-60, as amended effective July 1, 1986, the grounds of "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the [movant]" are available as remedies at law.

"Whether an action is equitable is determined by its allegations and prayers. [Cit.] On appeal, whether a complaint rests in equity and is beyond the jurisdiction of the court of origin, is a matter for determination by the Court of Appeals. [Cit.]" *Wellcraft Mfg. v. Troutman*, 123 Ga. App. 321 (2) (180 SE2d 588) (1971). We find that the motion to set aside, as amended by appellees on July 1, 1986, was an action at law pursuant to OCGA § 9-11-60 (d) (2), as effective on that date, and that the State Court of Fulton County had jurisdiction to entertain it. Compare *Kaplan v. City of Atlanta*, 158 Ga. App. 58 (2) (279 SE2d 307) (1981); *Bouldin v. Haverty Furniture Cos.*, 136 Ga. App. 30 (1) (220 SE2d 48) (1975), decided prior to the 1986 amendment. However, we conclude that it erred in granting the motion under the facts here.

" 'The purpose which a court of equity had, when it first exercised jurisdiction to annul a judgment obtained by fraud, was to prevent the adverse party from obtaining an unconscionable advantage as the result of a judgment at law. One who has obtained a judgment at law according to the prescribed method, and who is not chargeable with any conduct which would amount to fraud or imposition upon the adverse party in relation to the judgment, will not be interfered with by a court of equity for the mere reason that a stranger perpetrated a fraud which prevented the other party to the judgment from interposing a defense. *The remedy of the party who is the victim of such fraud at the hand of a stranger to the plaintiff is not by resort to a court of equity to have the judgment set aside, but by seeking proper redress against him who perpetrated the fraud.* In *Morris v. Morris*, 76 Ga. 733, it was said, "While equity may set aside a judgment for fraud, it must be fraud in the plaintiff in the judgment, or his counsel or agents." We think the correct rule is the one announced in that decision.' [Emphasis supplied.] [Cits.]" *Marsh v. Way*, 256 Ga. 46, 48 (343 SE2d 686) (1986), quoting *Lanier v. Nunnally & Co.*, 128 Ga. 358, 359 (57 SE 689) (1907).

Since the alleged fraud, accident or mistake relied upon here to set aside the default judgment was that of the agent of Mrs. Smith's insurer, it was not that of "the plaintiff in the judgment, or his counsel or agents." Accordingly, the trial court erred in granting the motion to set aside appellant's default judgment pursuant to OCGA § 9-11-60 (d) (2) and the related relief sought, for Mrs. Smith's proper remedy is to seek redress against her insurer.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MARCH 13, 1987 —
REHEARING DENIED MARCH 25, 1987.

*Ralph C. McBride*, for appellant.

*Walter W. Furlong, Alfred J. Turk III*, for appellees.