A90A1147. HOLBROOK v. GENERAL ELECTRIC CAPITAL CORPORATION.
(396 SE2d 253)

SOGNIER, Judge.

J. P. Holbrook appeals from the trial court's judgment issuing a writ of possession on a petition by General Electric Capital Corporation as successor in interest to Colwell Mortgage Corporation.

1. On May 24, 1989, appellee filed a petition for writ of possession regarding a mobile home occupied by appellant. In its petition appellee alleged that appellant was in wrongful possession of a mobile

home in which appellee had a security interest; that the owner of the mobile home was incarcerated; and that payments amounting to $2,154.20 from August 1988 on the mobile home were past due. Appellant answered denying the allegations and counterclaimed seeking, inter alia, $850 in expenses he incurred in moving the mobile home. An order, filed August 23, 1989 in the Superior Court of Forsyth County, granted appellant's counterclaim as to the claimed moving expenses. A typewritten paragraph in the order provided that "[a] full hearing being held on [appellee's petition], it is the Order of this Court that a Writ of Possession shall issue to [appellee] for the aforementioned mobile home upon [appellee's] paying to [appellant] eight hundred fifty and NO/100 ($850.00) dollars for moving expenses." This typewritten language was marked through, and a handwritten sentence, initialed by the trial judge, provided "Writ of Possession Denied due to judgment on Counterclaim." The word "denied" is shown handwritten across the form writ in the record. Both parties· agree that no appeal was taken from this August 23, 1989 order.

On October 23, 1989, appellee filed a second petition for writ of possession in Forsyth Superior Court. The second petition had a new case number and contained language alleging that appellee had paid appellant $850 for moving expenses "as ordered by this Court." In all other respects, including the amount and the dates of past due installments, the second petition was identical with the first. Appellant answered and asserted the defense of res judicata. The first order in the record involving the second petition is a rule nisi filed January 2, 1990. On January 11, 1990, the matter was heard before the trial court, and the trial judge recalled that he had not liked the form of the August 1989 order as submitted and had written the word "denied" on it and the writ. The trial judge stated that the circumstances had changed because appellee had paid appellant the $850, but after pronouncing that "the Court is bound by what it ruled previously," ordered the parties to proceed with the case.

Subsequently, in its order filed January 29, 1990, the trial court found that as to the August 23, 1989 order, "the petition was denied because the court did not feel that it had authority to issue a writ contingent on certain events happening." Finding that the payment of the $850 rendered the action on the second petition "substantially different" from the earlier action, and noting that "the Court did not adjudicate the issue of who was entitled to possession of the mobile home" in the earlier action, the trial court held that appellee's second petition was not barred by res judicata.

We disagree and reverse. "The doctrine of res judicata arises from a judgment of a court of competent jurisdiction as between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause

wherein the judgment was rendered. [Cit.]" *Lowe Engineers v. Royal Indem. Co.*, 164 Ga. App. 255, 258 (297 SE2d 41) (1982). Here it is uncontroverted that the second petition involved the same parties and the same subject matter. Appellee argues the action is not barred by res judicata because the third requisite, that the former adjudication was on the merits, see *Crockett v. Shafer*, 166 Ga. App. 453, 454 (1) (304 SE2d 405) (1983), is not present here. The language "Writ of Possession Denied due to judgment on Counterclaim" does not support this argument. The merits of the petition (appellant's wrongful possession of the mobile home and the existence of past due payments dating from August 1988 in the amount of $2,154.20) necessarily had to have been reached when the trial court clearly and without elaboration denied the petition for writ of possession. That judgment was neither reversed nor vacated and, as rendered by a court with jurisdiction over the case and the parties, remains binding and conclusive even if erroneous, see *McRae v. Boykin*, 73 Ga. App. 67, 72 (35 SE2d 548) (1945), a matter on which we intimate no opinion here.

It thus appears that the sole basis for appellee's argument and the trial court's rejection of appellant's defense of res judicata is the trial judge's recollection in January 1990 that he did not mean to reach the merits of the petition when he denied it in August 1989, a matter not apparent on the face of that earlier judgment. We do not agree with the trial court that it could amend or modify its August 1989 order in January 1990 by engrafting onto the earlier language denying the petition the explanation that the denial was not on the merits of the petition. It is true that " '[a] trial court has inherent power to modify its own judgment during the term at which it was rendered, and this power may be exercised on the court's own motion, with or without notice to the parties. [Cits.]' " *Cooley v. All The World*, 247 Ga. 459, 460 (1) (276 SE2d 615) (1981). However, the terms of the Superior Court of Forsyth County begin on the second Monday in March, July, and November, OCGA § 15-6-3 (6) (B), and so the January 1990 judgment was not rendered in the same term as the August 1989 judgment. "A judgment may be revised or amended, or entered of record, nunc pro tunc, on proper motion, at a term subsequent to that at which the judgment was rendered, so as to make the judgment speak the truth of the decision that was actually rendered, or to make it conform to the verdict. However, after the expiration of the term at which a decree was entered, it is out of the power of the court to modify and revise it in any matter of substance or in any matter affecting the merits." (Punctuation and citations omitted.) *Burns v. Fedco Management Co.*, 168 Ga. App. 15, 16 (308 SE2d 38) (1983). Unlike the situation in *Burns*, the subsequent modification of the August 1989 order dramatically affected the merits in the instant case with the substantive legal effect of allowing appellee

to relitigate the identical merits concluded against it in the judgment on the first petition. Accordingly, since the August 1989 order was not reversed, set aside, or otherwise vacated, the trial court was without authority to alter its judgment of August 23, 1989, in its January 29, 1990 order. See *City of Cornelia v. Gunter*, 227 Ga. 464 (181 SE2d 489) (1971).

2. Our holding in Division 1 renders it unnecessary for us to address appellant's remaining enumeration of error.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

### On Motion for Rehearing.

On motion for rehearing appellee General Electric Capital Corporation contends that we have overlooked our holding in *Atlanta Truck Svc. v. Assoc. &c. Corp.*, 146 Ga. App. 170, 173 (2) (246 SE2d 2) (1978), and asserts that under that opinion, no ruling upon its petition for writ of possession could legally have been issued by the trial court in the August 1989 order until appellant's claim for moving expenses had been paid, so that the denial of the writ therein was void and thus did not serve as a bar under the doctrine of res judicata to appellee's subsequent petition for writ of possession.

*Atlanta Truck Svc.*, supra, involved the priority of liens on a tractor truck as between the security interest holder and the mechanic who had repaired the truck. In the order appealed from, the trial court had denied the repairman's claim that he was entitled to dispose of the truck as an abandoned vehicle under former Ga. Code Ann. § 68-23 et seq., but had awarded him fees for storage of the truck, and then had ruled that the security interest holder was entitled to possession of the truck. This court reversed, finding that the repairman had a valid possessory lien for work done and materials furnished under former Ga. Code Ann. § 68-423a, and remanded the case for new trial so that the trial court could address the merits of the repairman's claim and determine whether the repairman could establish priority of his lien so as to entitle him to any sums he could prove for the repair and storage of the truck. Based on the unresolved issues involving a lien with possible priority over the security interest holder's claim, we held that "it was illegal to grant possession of the vehicle to the security interest holder without payment of the amount due the repairman." Id. at 173 (2).

We do not agree with appellee that *Atlanta Truck Svc.*, supra, stands for the proposition that a trial court cannot reach the merits of a petition for writ of possession for an item until prior claims on that item, which are all before the trial court at the time of the petition, have been satisfied. *Atlanta Truck Svc.* does not deprive a trial court of its authority to adjudicate all claims properly before it. Contrary to

appellee's argument, we find that the holding in *Atlanta Truck Svc.* merely reflects that until the priority of all claims upon an item have been established and the sums due other parties as a result of prior liens on that item fully adjudicated, it is improper for a trial court to issue a possessory warrant as to that item. *Atlanta Truck Svc.* thus is distinguishable from the case sub judice in that: (1) in August 1989 the trial court in the case at bar had all claims on the mobile home before it and ruled on all the claims. Appellant's claim for storage charges was rejected, appellant's claim for moving expenses was granted, and appellee's petition for writ of possession was denied. Under the circumstances of this case, the trial court here would have been fully authorized in August 1989 to reach the merits of appellee's petition and grant appellee possession of the mobile home, contingent upon payment of appellant's moving expenses. The record reflects the trial court contemplated entering such an order but then struck it, ordering instead that appellee's petition for writ of possession be denied. (2) Unlike the repairman in *Atlanta Truck Svc.*, supra, who appealed when his claim was denied, appellee here brought no appeal from the August 1989 order denying its claim for possession. While arguably appellee may have had a meritorious claim that the trial court improperly denied its petition for writ of possession in August 1989, appellee's failure to appeal that order and its failure to challenge the trial court's ruling by the appropriate method under OCGA § 9-11-60 renders the August order a valid order by a court of competent jurisdiction as between the same parties on the same issue alleged in appellee's subsequent complaint. Although we find the trial court was fully authorized to enter the August 1989 order, we note that even assuming, for argument's sake, that the order was void, appellee would nevertheless be required to attack the order collaterally under OCGA § 9-11-60 (a), which it uncontrovertedly has not done.

DECIDED JUNE 21, 1990 —
REHEARING DENIED JULY 13, 1990 — CERT. APPLIED FOR.

*Harry M. Moseley*, for appellant.
*Thompson & Slaglees, Scott A. Schweber*, for appellee.