## A90A1813. LEE v. HENSON.
(402 SE2d 548)

BANKE, Presiding Judge.

On February 13, 1986, the appellant filed suit against the appellee to recover damages for injuries sustained in an automobile accident which had occurred on March 7, 1985. Service was perfected on the appellee five days later; however, he failed to file an answer. On March 13, 1987, after the expiration of the two-year statute of limitation, the appellant caused a copy of the complaint and summons to be served on his own uninsured motorist carrier, Universal Insurance Company, which responded by denying liability based on the running of the statute of limitation.

The case appeared on a trial calendar on March 30, 1987. The appellant made no appearance at that time; and the trial court, having evidently been misinformed that the case had settled, entered a "final settlement order" reciting that the complaint would be dismissed after 30 days if neither party moved to prevent it. An order of dismissal was entered on May 28, 1987, following which the appel-

lant's counsel advised the trial court, by letter dated June 2, 1987, that the case had not in fact been settled. However, he did nothing further until approximately 27 months later, when he filed a motion to set aside the dismissal pursuant to OCGA § 9-11-60 (d) (2) on the ground that it had been entered "as a result of fraud, accident, or mistake or acts of the adverse party unmixed with negligence or fault of the movant. . . ." In an affidavit submitted in support of this motion, the appellant's counsel explained that the reason he had not appeared at this calendar call on March 30, 1987, was because he had been "advised by [the judge's] staff" that his presence was not required. He further averred that he had not received a copy of the order which the trial court had entered at that time specifying that the case would be dismissed after 30 days if neither party moved to prevent it. The trial court denied the motion to set aside on the ground that the appellant had waited over two years to seek such relief from the dismissal order and had failed to offer any explanation for the delay. The case is before us pursuant to our grant of the appellant's application for a discretionary appeal from that ruling. *Held*:

The appellant contends that the motion to set aside was timely filed pursuant to OCGA § 9-11-60 (f), which provides that such a motion may be brought within three years from the entry of the judgment complained of. However, the grounds upon which he sought to set aside the motion, i.e., "fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant," are equitable in nature, being identical to those which previously constituted the basis for a complaint in equity to set aside a judgment. In 1986, OCGA § 9-11-60 (d) was amended so as to authorize the bringing of a motion to set aside on these grounds, and § 9-11-60 (e) was amended to read that "[t]he use of a complaint in equity to set aside a judgment is prohibited." Ga. L. 1986, p. 294, § 1. See *Bagwell v. Parker*, 182 Ga. App. 313, 314 (355 SE2d 463) (1987). " '(A) petition in equity would have been to no avail if [the appellant] knew or should have in the exercise of reasonable diligence discovered th[e] ground [asserted]. [Cit.] This same diligence rule applies where appellant uses a motion to set aside the judgment and he is precluded from using the ground which he had known or could have discovered through reasonable diligence.' [Cits.]" *Marshall v. Marshall*, 257 Ga. 494, 495 (360 SE2d 572) (1987).

In the present case, the appellant's counsel was obviously aware of the existence of the dismissal order within a few days after it was entered, since he wrote to the trial court to advise that the order was in error in that the case had not actually been settled, yet he waited more than two years to move to set it aside on that ground and offered no explanation for the delay. The trial court was authorized under these circumstances to conclude that the appellant was es-

topped by laches from seeking to set aside the dismissal on the equitable grounds set forth in OCGA § 9-11-60 (d) (2).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1991.

*Guy G. Michaud, Christopher J. McFadden*, for appellant.

*Lane, O'Brien & Coburn, Richard T. Taylor, Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Marvin D. Dikeman*, for appellee.