A90A1952. HEAD v. HEAD et al.
(403 SE2d 835)

BANKE, Presiding Judge.

In 1965, the appellant filed suit against his mother and five siblings seeking a division of the property which had belonged to his deceased father, J. C. Head. In 1974, the parties to that litigation entered into a settlement agreement which was adopted by the court through the entry of a consent judgment. Pursuant to that judgment, the majority of the real property owned by J. C. Head was conveyed to the appellant, while the remainder, consisting of approximately 285 acres was declared to be owned by "the defendants in the above-styled action." The appellant's mother had died by the time the agreement was entered into and consequently did not sign it. However, one of the appellant's brothers, Ralph Head, purported to sign the document as executor of her estate, although her will had not yet been probated and although no personal representative had been substituted for her as a party defendant in the case.

Approximately a month after the 1974 consent judgment was entered into, the appellant moved to set it aside, contending, among other things, that the agreement had not reflected the actual intention of the parties. While the appellant acknowledged at that time that the agreement as drafted purported to divide the 285 acres among his five siblings and/or their heirs, he contended that the actual intention of the signatories had been to convey a share of this property to his mother's estate, as well. Following an evidentiary hearing, the trial court denied the motion to set aside, and that deci-

sion was affirmed by the Supreme Court in *Head v. Head*, 234 Ga. 807 (218 SE2d 598) (1975).

In 1976, the appellant attempted to probate his mother's will, but a caveat was filed on the ground that Ralph Head, the named executor, had died. The probate court thereafter named one of the other children, Adele Head, as administratrix with will annexed, on the ground that she was the person most beneficially affected by the will, having been bequeathed the entire estate. In completing the probate proceedings, Adele Head filed an inventory of property which specified that her mother had owned "[o]ne fifth of undivided 285 acres . . . as described in consent agreement of Sept. 11, 1974"; and she subsequently executed a deed purporting to convey this interest — described as "57 acres, more or less, that being the surviving spouse's (Testatrix) one-fifth interest in the estate of her late husband" — to herself as beneficiary under the will. Then, on August 31, 1976, she executed a quitclaim deed purporting to convey this interest to the appellant. No one objected that these purported transfers contradicted the consent judgment, and the appellant subsequently began paying the property taxes on this portion of the 285-acre tract.

On January 3, 1989, the 285-acre tract was sold. Eighty percent of the purchase price was paid to the appellees herein, consisting of the appellant's four surviving siblings and the heirs of a deceased fifth sibling, while 20 percent was placed in escrow. The appellees then filed the present action to obtain, inter alia, a judicial declaration of their entitlement to the escrow funds. The trial court awarded them partial summary judgment on this claim, concluding that the 1974 consent judgment "unambiguously provided that the subject property be conveyed to 'defendants' (a group which includes each of the [appellees] in the instant suit)," and that as a result of the denial of the appellant's 1974 motion to set aside this judgment and the subsequent affirmance of that decision by the Supreme Court, the dispute was res judicata. The present appeal is from that ruling.

Appellant concedes that any issue as to the validity of the 1974 agreement is res judicata but argues that the present dispute is not over the validity of the agreement but over its proper construction — specifically, whether the term "defendants," as used therein to designate the persons entitled to share in the distribution of the 285 acres, should be construed to include his mother's estate, given that his mother was one of the named defendants in that litigation. In the alternative, he argues that the conduct of the parties *subsequent* to the execution of the 1974 agreement constituted a mutual departure therefrom, resulting in a modification of it. *Held*:

We find these arguments to be without merit. The transcript of the hearing on the motion to set aside the consent judgment, which has been made a part of the record in the present case, reveals that

one of the appellant's contentions at that hearing was that some portion of the property "should have been conveyed back to Mrs. J. C. Head estate," so that he "would have an opportunity to participate in the inheritance right" by virtue of his status as one of her heirs. The trial court quite clearly rejected this contention in denying the motion to set aside. As for the appellant's contention that subsequent events evidenced a mutual departure from and modification of the 1974 agreement, it ignores the fact that the agreement was made the judgment of the court. We are aware of no authority for the proposition that an otherwise valid and enforceable judgment may be invalidated merely by subsequent conduct of the parties which is inconsistent with it. "Georgia law provides that '(a) judgment in a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.' OCGA § 9-12-40." *Helmuth v. Life Ins. Co. of Ga.*, 194 Ga. App. 685 (391 SE2d 412) (1990). Accord *Liner v. North*, 194 Ga. App. 175 (1) (390 SE2d 263) (1990). See also *Holbrook v. Gen. Elec. Capital Corp.*, 196 Ga. App. 382 (1) (396 SE2d 253) (1990). For these reasons, we hold that appellees' motion for partial summary judgment in the present action was properly granted.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1991 —
REHEARING DENIED MARCH 15, 1991 —

*William C. Bushnell*, for appellant.

*Smith, Gilliam & Williams, Steven P. Gilliam, Catherine H. Hicks*, for appellees.